UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN REEF MEDIA, LLC; THE PROGRESSIVE CORPORATION; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; MAPLE COVERAGE, LLC; CURB SURE LLC, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT |

TO: The Honorable Judges of the United States District Court for the Western District of Washington

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned action from the Superior Court of Washington for Clark County to this Court on the grounds of original jurisdiction based on a federal question (28 U.S.C. § 1331) and, in the alternative, under the Class Action Fairness Act of 2005 ("CAFA") (codified in pertinent part as 28 U.S.C. §§ 1132(d) and 1453) and states as follows:



**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## THE STATE COURT ACTION

1. On December 15, 2025, Plaintiff Jaxene Sundstrom ("Plaintiff") served the State of Washington Office of Insurance Commissioner (the "Commissioner") with a Summons directed to State Farm and a Complaint, asserting five theories under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and related theories under Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq*. and Washington's Consumer Protection Act, RCW 19.86 *et seq*. True and correct copies of the Summons and Complaint are attached to as Exhibit 1 to the accompanying the Declaration of Benjamin J. Roesch.

2. The Commissioner forwarded the Summons and Complaint to State Farm, which State Farm received on December 18, 2025. *See* Roesch Decl., ¶ 4 and Ex. 3. State Farm is not aware of any additional process, pleadings, or orders that Plaintiff has served on State Farm. The Summons orders State Farm to appear in the Superior Court of the State of Washington, Clark County, and the Complaint likewise bears a heading for that Court. However, the Complaint and Summons bear no indicia of having been filed in that Court (e.g., a case number), and a recent search of that Court's docket for this case returns no results.

3. Under Washington law, a plaintiff may commence a civil action in Washington Superior Court by service of the summons and a complaint alone. *See Melvin v. Kingsolver*, No. C12-5401 RJB, 2012 WL 13026632, at *3 (W.D. Wash. June 12, 2012) (citing RCW 4.28.020; Washington Superior Court Civil Rule 3(a); *Seattle Seahawks, Inc. v. King County*, 128 Wn.2d 915, 917, 913 P.2d 375 (Wash. 1996)). Upon service, the Washington Superior Court is deemed to have acquired jurisdiction over the action, *id*. (*citing Seattle Seahawks Inc.* at 917), and—if the other requirements for removal are met—the case may be removed to



**JENSEN MORSE BAKER PLLC**
520 Pike Street; suite 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

federal court although no complaint has been filed. *Id.*

**TIMELINESS**

4. This Notice of Removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1441(b)(1). Because Plaintiff served the Commissioner with the Summons and Complaint on December 15, 2025, State Farm's removal deadline is no earlier than January 14, 2025, and this Notice of Removal—filed on January 14, 2025—is timely.[1] A true and correct copy of the Commissioner's proof of service is attached to the Roesch Declaration as Exhibit 2.

**FEDERAL QUESTION JURISDICTION**

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Because the TCPA is a federal statute, the Court has federal question jurisdiction over Plaintiff's TCPA claim. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 747 (2012) ("We now hold that Congress did not deprive federal courts of federal question jurisdiction over private TCPA suits."). And the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's CEMA and Consumer Protection claims because they arise from the same alleged conduct; that is, they arise from the same text messages that Plaintiff

---

[1] State Farm notes that its registered agent did not receive the Summons and Complaint until December 18, 2025. Roesch Decl., Ex. 3. It is well-settled that the 30-day period for removal begins to run not with service on the Commissioner but when the insurance company's designated recipient has received the summons and complaint from the Commissioner. *See e.g. Ebert v. Travelers Indemnity Co.*, 2013 WL 4827854, *3 (W.D. Wash. Sept. 10. 2013) (finding Traveler's received a copy of the summons and complaint the date CSC—Travelers' designated recipient—received the summons and complaint from the Commissioner); *Reger v. Century National Ins. Co.*, 2022 WL 16960530, *2 (W.D. Wash. Nov. 16, 2022) ("The thirty-day deadline for removal begins to run once the insurer receives the summons and complaint from the Commissioner."); *Capstone Training LLC v. Am. Fam. Ins. Co.*, 2020 WL 6700577, at *1 (W.D. Wash. Nov. 13, 2020) (finding the time for removal began to run when the insurer's designated recipient received a copy of the summons and complaint from the Commissioner).



JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

purportedly received. 28 U.S.C. § 1367(a) (with certain exceptions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

6. Each of the Defendants that has "been properly joined and served," 28 U.S.C. § 1446(b)(2), consents to removal. Counsel for State Farm has conferred with counsel for The Progressive Corporation ("Progressive"), Maple Coverage LLC ("Maple"), and Curb Sure LLC ("Curb Sure"), and each has confirmed, in writing, that it consents to removal. *See* Roesch Decl., ¶ 6 and ¶ 8; Ex. 5 and 6. *See also Pham v. King Cnty.*, No. C24-1456JLR, 2024 WL 5692100, at *2 (W.D. Wash. Nov. 12, 2024) ("The joinder requirement is satisfied if 'one defendant avers that all defendants consent to removal.'") (quoting *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)). A short note about several of the defendants in this action is in order:

- Progressive has consented to the removal of this action despite not having been properly served with the summons and complaint in this action and while noting that its consent is not technically necessary. In addition, Progressive provides its consent subject to and without waiving any defenses as to the lack or insufficiency of service of process, lack of personal jurisdiction, and otherwise.
- It appears that plaintiff intended to name and serve the company known as Ocean Reef Media LLC that is the parent company of co-defendants Maple and Curb Sure. That Ocean Reef Media LLC ("Ocean Reef") is a limited liability company formed under the laws of, and residing in, the Island of Nevis. It is not a United States Limited Liability Company, is not organized under the laws of



**JENSEN MORSE BAKER PLLC**
520 Pike Street; suite 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

the State of Delaware, and does not have an agent for service of process in Delaware. Accordingly, Ocean Reef has not been properly served, and its consent is therefore not required for removal.

- State Farm notes that there is a separate but identically-named U.S.-based company – Ocean Reef Media LLC (hereinafter "Ocean Reef Delaware") – organized under the laws of the State of Delaware and with an agent for service of process in that state, Roesch Decl., ¶ 10, and which Plaintiff appears to have purportedly served in this action. Roesch Decl., Ex. 7. Because Ocean Reef Delaware is not the parent company of Maple and Curb Sure, State Farm assumes that Plaintiff intended to join Ocean Reef as a defendant in this action but served the wrong entity, and that Plaintiff did not join Ocean Reef Delaware, which appears to be uninvolved with the acts and omissions alleged in the complaint. Ocean Reef Delaware's consent to remove is therefore unnecessary here.[2]

**CAFA JURISDICTION**

7. With the enactment of CAFA in 2005, "Congress . . . significantly expanded

[2] Because Ocean Reef Delaware was not involved in, and cannot be liable with the other defendants jointly, severally, or in the alternative regarding the same transaction or occurrence (or series thereof) and no common question of law or fact exists with respect to it, Ocean Reef Delaware cannot be joined with the other defendants in this action. *See* Washington Civil Rule 20; Federal Rule of Civil Procedure 20(a)(2). Accordingly, to the extent that Ocean Reef Delaware has purportedly been joined in this action, it has been mis-joined, and its consent is not necessary for removal, and Plaintiffs claims against it, if any, should be severed pursuant to Fed. R. Civ. P. 21. *Cf. Hinrichs v. Burwell*, No. 221CV00080RAJBAT, 2021 WL 1341083, at *2 (W.D. Wash. Feb. 23, 2021) ("where the non-diverse party cannot be properly joined under the federal rules, other interests prevail over that of permitting a plaintiff's choice of [a state court] forum"), *report and recommendation adopted*, No. 221CV00080RAJBAT, 2021 WL 1338516 (W.D. Wash. Apr. 9, 2021). For the same reasons, any inclusion of claims against Ocean Reef Delaware in this action constitutes fraudulent joinder, such that its consent is unnecessary for removal. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (consent of fraudulently joined parties not required).



**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

8. Under CAFA, this Court has diversity jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), (6). Each requirement is satisfied here.

**A. There is Minimal Diversity.**

9. Plaintiff alleges he is a citizen and resident of Washington (Compl. ¶12) and alleges that State Farm is an Illinois insurance company, which maintains its head office in Bloomington, Illinois (Compl. ¶25).

10. State Farm is a mutual insurance company organized under the laws of Illinois, and it maintains its principal place of business in Illinois. State Farm is therefore a citizen of Illinois for purposes of federal jurisdiction. 28 U.S.C. § 1332(c)(1); *Schlegel v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-CV-2190, 2012 WL 441185, at *3 (M.D. Pa. Feb. 10, 2012) ("State Farm is, therefore, a citizen solely of the State of Illinois.").

11. Thus, CAFA's minimal diversity requirements are met, since Plaintiff is a citizen of Washington and State Farm is a citizen of Illinois. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. The Asserted Class Size Requirement is Satisfied.**

12. The Complaint seeks certification of six very broad classes. With the exception of the proposed CEMA class, which is limited to Washington citizens and has no temporal limit, all the other five proposed classes cover persons throughout the United States for the four-year



**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

period preceding the filing of this action. (Compl. ¶ 83.)

13. Plaintiff alleges: "On information and belief the members of the class for whose benefit this action is brought is more than 200 and are so numerous that joinder of all members is impracticable." (Compl. ¶ 85.) She further alleges that the proposed classes "are comprised of hundreds, if not thousands, of individuals." (Compl. ¶ 87.) State Farm is entitled to rely on those judicial admissions as to size of the proposed classes for purposes of satisfying the minimum 100-putative class member requirement of the CAFA for removal. *See, e.g., Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[T]he first paragraph of the complaint states that Kuxhausen is seeking to 'provide remedies for hundreds of affected consumers.' We agree with the district court that this was enough [to satisfy numerosity]."); *Clay v. Chobani LLC*, No. 14CV2258 BEN DBH, 2015 WL 4743891, at *3 (S.D. Cal. Aug. 10, 2015) ("A plaintiff's allegations may satisfy CAFA's numerosity requirement.").

14. Plaintiff's allegations concerning the class size aside, the proposed classes clearly would far exceed 100 members. Plaintiff's allegations stem in part from alleged telemarketing activities by independent contractor State Farm Agents. State Farm is affiliated with more than 18,000 such Agents throughout the United States. Many of those Agents purchase from internet lead vendors information regarding individuals who have expressed an interest in receiving insurance quotes, and those agencies then generally call, text, and/or email those individuals. Between December 15, 2021, and December 15, 2025, more than 108 million internet leads have been purchased by State Farm independent contractor Agents residing throughout the United States. *See* Ogier Declaration, ¶ 2. Thus, assuming that each lead received just a single call or text, if only one in a million of the recipients of those calls/texts



**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

meets the criteria for class membership, the numerosity requirement is satisfied.[3]

**C. This Action Places More than $5,000,000 in Controversy.**

15. A notice of removal, like a complaint, need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As the Supreme Court has explained, "[c]ongress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In keeping with this approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (citation omitted). Moreover, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. In establishing that CAFA's $5 million threshold is met, the removing party may rely on a "chain of reasoning that includes assumptions" and will meet its burden so long as the "reasoning and underlying assumptions are reasonable." *Jauregui v. Roadrunner Transp. Services, Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (*quoting LaCross v. Knight Transp. Inc*., 775 F.3d 1200, 1201 (9th Cir. 2015)).

---

[3] State Farm presents this hypothetical to demonstrate that the class size element has been satisfied. State Farm in no way concedes that any independent contractor Agents or State Farm violated the TCPA or the Washington statutes alleged.



JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

16. State Farm certainly disputes that Plaintiff has stated any viable claims, or that any damages whatsoever are owed to Plaintiff or the asserted Classes. However, "the strength of any defenses indicates the likelihood of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation." *Arias*, 936 F.3d at 928. Plaintiff's proposed class claims and pleas for class relief place substantially more than $5,000,000 in controversy.

17. Plaintiff alleges that Defendants are liable for statutory damages in the amount of $1,500 for each TCPA violation, and for statutory damages in the amount of $500 for each CEMA violation. Plaintiff identifies 70 text messages that she claimed violated the TCPA. As a result, Plaintiff's alleged TCPA damages alone are at least $105,000, and she alleges that her claims "are typical of the claims of the members of the class." (Compl. ¶ 90.) Indeed, Plaintiff alleges that "Defendants have acted and refused to act on grounds generally applicable to the Classes . . . ." (Compl. ¶ 93.) Thus, there would need to be only 48 class members with that amount of TCPA damages to exceed the $5 million CAFA threshold. And when Plaintiff's claims for CEMA and Washington Consumer Protection Act damages (including treble damages),[4] attorneys fees,[5] and injunctive relief are considered, it is clear that the amount in controversy alleged in the Complaint far exceeds the CAFA threshold. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (noting that amount in controversy calculation "includes, *inter alia*, damages (compensatory, punitive, or otherwise)

[4] The court considers the possibility of treble damages for purposes of the amount in controversy when such damages are authorized by statute. *See Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000). Here, Plaintiff has asserted claims under the Washington Consumer Protection Act ("CPA"), (Compl., ¶¶ 163-168), which authorizes treble damages up to $25,000. RCW 19.86.090.

[5] Where a contract or statute mandates or authorizes an award of attorneys' fees, such fees may be included in the amount in controversy in determining whether the jurisdictional threshold is met. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).



**JENSEN MORSE BAKER PLLC**
520 Pike Street; suite 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes").

18. In addition, given the 108,000,000 leads purchased by State Farm independent contractor agents, if contact with just .01% of these leads resulted in a single alleged TCPA violation (at $500), the amount in controversy would be $5,400,000. [6]

19. Accordingly, State Farm has satisfied the requirements for establishing CAFA jurisdiction.

**VENUE**

20. Removal to this Court is proper because this Court is the United States District Court for the district and division within which Plaintiff's action is pending. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a). Because this claim arose in Clark County, assignment of this action to the Tacoma Division is appropriate.

**REQUIRED DOCUMENTS**

21. As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders purportedly served on the removing party to date are attached to the accompanying Roesch Declaration. To the best of counsel's knowledge, this action has not been filed in state court as of the date of removal. Accordingly, there are no additional documents to provide pursuant to Local Rule W.D. Wash. 101(b).

22. Copies of this Notice of Removal, Roesch Declaration with exhibits, and Ogier Declaration with are being served upon Plaintiff's counsel and filed with the clerk of the Superior Court of Washington for Clark County pursuant to 28 U.S.C. § 1446(a) and (d).

---

[6] State Farm presents this hypothetical to demonstrate that the amount in controversy has been satisfied. State Farm in no way concedes that any independent contractor Agents or State Farm violated the TCPA or the Washington statutes alleged.



**JENSEN MORSE BAKER PLLC**
520 Pike Street; suite 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## CONCLUSION

23. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a). By seeking removal, State Farm and the consenting Defendants and do not waive, and expressly reserve, all rights, defenses, and objections of any nature they may have to Plaintiff's claims. And despite the amount in controversy from the face of the complaint, State Farm disputes that Plaintiff is entitled to recovery of any kind.

DATED: January 14, 2026, at Seattle, Washington.

JENSEN MORSE BAKER PLLC

By *s/Steven D. Jensen*
Steven D. Jensen, WSBA No. 26495
Steve.jensen@jmblawyers.com

By *s/Benajamin J. Roesch*
Benjamin J. Roesch, WSBA No. 39960
Benjamin.Roesch@jmblawyers.com

520 Pike Street; Suite 2375
Seattle, WA 98101

Attorneys for Defendant State Farm Mutual Automobile Insurance Company

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under the laws of the United States of America and the State of Washington, that on the 14th day of January, 2026, the document attached hereto was delivered to the below counsel in the manner indicated.

*Counsel for Plaintiff*

Peter Schneider, WSBA No. 43131
Northwest Debt Resolution, LLC
10900 4th Street, Suite 2300
Bellevue, WA 98004-5882
(206) 800-6000
peter@nwdebtresolution.com

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

DATED this 14th day of January, 2026, in Seattle, WA.

By *s/Benjamin J. Roesch*
Benjamin J. Roesch