Insurance Commissioner
ACCEPTED SOP
DEC 15 2025
TIME: 8am

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCEAN REEF MEDIA, LLC, THE PROGRESSIVE CORPORATION, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, MAPLE COVERAGE, LLC, CURB SURE LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY DEMAND |

COMES NOW the Plaintiff, Jaxene Sundstrom, on behalf of herself and others similarly situated and complains against Ocean Reef Media, LLC, The Progressive, Corporation, State Farm Mutual Automobile Insurance Company, Maple Coverage, LLC, Curb Sure, LLC, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can.

4. Under the Telephone Consumer Protection Act a text message is a telephone call.

5. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

6. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

7. And call them again and again and again.

8. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

9. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

10. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

11. As former Senator Fritz Hollings stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

12. The Plaintiff is a resident of Clark County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

13. Defendant and Delaware registered company Ocean Reef Media, LLC, ("Ocean Reef") is a Lead generator working for the Insurance Company Defendants.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

14. Ocean Reef can be served via its registered agent, Business Filings Incorporated, located at 108 West 13th St, Wilmington, DE 19801.

15. Defendant and Delaware registered company Maple Coverage, LLC, ("Maple") is a wholly owned subsidiary of Ocean Reef.

16. Maple can be served process via its registered agent, Harvard Business Services, Inc, 16192 Coastal Hwy, Lewes, DE 19958.

17. Defendant and Delaware registered company CurbSure, LLC, ("Curb Sure") is a wholly owned subsidiary of Ocean Reef.

18. Curb Sure can be served process via its registered agent, Harvard Business Services, Inc, 16192 Coastal Hwy, Lewes, DE 19958.

19. Ocean Reef, Maple Coverage, and Curb Sure are herein referred to as the ("Ocean Reef Defendants").

20. Ocean Reef has other wholly owned subsidiaries that telemarketer from other SMS short codes.

21. None of these wholly owned subsidiaries like Maple or Curb Sure have any employees.

22. Ocean Reef created, controls, and operates them all so it can text the same person from many different phone numbers or SMS short codes without the person realizing one entity – Ocean Reef – is responsible for all of it.

23. The Ocean Reef subsidiaries are alter ego's of Ocean Reef.

24. They don't have a separate identity but only exist so that Ocean Reef can pretend to honor a consumer's do-not-call request while actually just using a different subsidiary to telephone the solicit the consumer without the consumer realizing Ocean Reef is responsible for all of the calls.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

25. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois insurance company, that does business in Washington State, which maintains its head office in Bloomington, Illinois, with a principal address of One State Farm Plaza, Bloomington, IL, 61710.

26. It may be served through the Office of the Washington State Insurance Commissioner.

27. Defendant The Progressive Corporation ("Progressive") is an Ohio registered corporation, that does business in Washington State, with a principal address of 300 North Commons Blvd, Mayfield Village, OH 44143.

28. It may be served through the Office of the Washington State Insurance Commissioner.

29. Defendants State Farm and Progressive are referred to as the ("Insurance Company Defendants").

30. Does 1-10 are currently unknown parties who acted as the agents the Defendants in telephone soliciting consumers and Plaintiff.

31. About half of the all the calls alleged in this complaint occurred in Clark County, Washington State, during the last four years.

32. All or nearly all of the calls alleged in this complaint occurred inside the State of Washington during the last four years.

33. Defendants are within the jurisdiction of the Court.

34. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

35. Venue is proper in Clark County because many of the violations against the Plaintiff and putative class members occurred in this Court's jurisdiction.

## III. FACTUAL ALLEGATIONS

**Plaintiff The Plaintiff Sundstrom**

36. The Plaintiff is the subscriber and regular user of the 360 area code phone number that received the calls.

37. The Plaintiff uses her cell phone number for personal use only, as one would use a landline.

38. The Plaintiff registered her 360 area code cell phone number on the Federal Trade Commission's national do not call registry on July 2, 2025, in an effort to receive fewer unwanted calls.

39. At no time relevant to this lawsuit did the Plaintiff consent to any Defendant or their agents soliciting her for insurance goods or services via text message, phone call, or those initiated with artificial or pre-recorded voice.

40. For the last four years Plaintiff has received unwanted text messages and phone calls soliciting insurance services from the Ocean Reef Defendants.

41. The Ocean Reef Defendants had a pattern and practice of telephone soliciting the Plaintiff even though she used reasonable means to repeatedly ask them to stop calling.

42. This list of calls below is a non-exhaustive list of text messages the Plaintiff has received this year, each of them from Ocean Reef or an agent acting on behalf of Ocean Reef, each text message encouraging the purchase of insurance services for the Insurance Company Defendants.

| Call # | Calling # | Date | MC | CS |
|---|---|---|---|---|
| 1 | 27202 | 7/15/2025 | | ✓ |
| 2 | 27202 | 7/16/2025 | | ✓ |
| 3 | 27202 | 7/17/2025 | | ✓ |



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | |
|---|---|---|---|---|
| 4 | 27202 | 7/19/2025 | | ✓ |
| 5 | 27202 | 7/21/2025 | | ✓ |
| 6 | 27202 | 7/22/2025 | | ✓ |
| 7 | 27202 | 7/23/2025 | | ✓ |
| 8 | 27202 | 7/24/2025 | | ✓ |
| 9 | 27202 | 7/25/2025 | | ✓ |
| 10 | 27202 | 7/26/2025 | | ✓ |
| 11 | 27202 | 7/28/2025 | | ✓ |
| 12 | 27202 | 8/2/2025 | | ✓ |
| 13 | 833 722 0401 | 8/5/2025 | ✓ | |
| 14 | 833 722 0409 | 8/12/2025 | ✓ | |
| 15 | 833 722 0409 | 8/13/2025 | ✓ | |
| 16 | 833 722 0409 | 8/14/2025 | ✓ | |
| 17 | 833 722 0401 | 8/15/2025 | ✓ | |
| 18 | 833 722 0401 | 8/16/2025 | ✓ | |
| 19 | 833 722 0409 | 8/18/2025 | ✓ | |
| 20 | 833 722 0409 | 8/19/2025 | ✓ | |
| 21 | 833 722 0401 | 8/20/2025 | ✓ | |
| 22 | 833 722 0401 | 8/22/2025 | ✓ | |
| 23 | 833 722 0401 | 8/25/2025 | ✓ | |
| 24 | 833 722 0401 | 8/26/2025 | ✓ | |
| 25 | 833 722 0401 | 8/28/2025 | ✓ | |
| 26 | 833 722 0401 | 8/29/2025 | ✓ | |
| 27 | 833 722 0409 | 9/2/2025 | ✓ | |
| 28 | 833 722 0409 | 9/3/2025 | ✓ | |
| 29 | 24068 | 9/4/2025 | ✓ | |
| 30 | 24068 | 9/5/2025 | ✓ | |
| 31 | 24068 | 9/6/2025 | ✓ | |
| 32 | 24068 | 9/10/2025 | ✓ | |
| 33 | 24068 | 9/11/2025 | ✓ | |



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | |
|---|---|---|---|---|
| 34 | 24068 | 9/12/2025 | ✓ | |
| 35 | 24068 | 9/13/2025 | ✓ | |
| 36 | 24068 | 9/15/2025 | ✓ | |
| 37 | 24068 | 9/16/2025 | ✓ | |
| 38 | 24068 | 9/17/2025 | ✓ | |
| 39 | 24068 | 9/18/2025 | ✓ | |
| 40 | 24068 | 9/19/2025 | ✓ | |
| 41 | 24068 | 9/20/2025 | ✓ | |
| 42 | 24068 | 9/22/2025 | ✓ | |
| 43 | 24068 | 9/23/2025 | ✓ | |
| 44 | 24068 | 9/24/2025 | ✓ | |
| 45 | 24068 | 9/25/2025 | ✓ | |
| 46 | 24068 | 9/26/2025 | ✓ | |
| 47 | 24068 | 9/29/2025 | ✓ | |
| 48 | 24068 | 9/29/2025 | ✓ | |
| 49 | 24068 | 9/30/2025 | ✓ | |
| 50 | 24068 | 10/1/2025 | ✓ | |
| 51 | 24068 | 10/2/2025 | ✓ | |
| 10/4/2025 - Sent DNC letters to Progressive & State Farm | | | | |
| 52 | 24068 | 10/6/2025 | ✓ | |
| 53 | 24068 | 10/7/2025 | ✓ | |
| 54 | 24068 | 10/8/2025 | ✓ | |
| 55 | 24068 | 10/9/2025 | ✓ | |
| 56 | 24068 | 10/10/2025 | ✓ | |
| 57 | 24068 | 10/11/2025 | ✓ | |
| 58 | 24068 | 10/13/2025 | ✓ | |
| 59 | 24068 | 10/14/2025 | ✓ | |
| 60 | 27202 | 10/15/2025 | | ✓ |
| 61 | 24068 | 10/16/2025 | ✓ | |
| 62 | 24068 | 10/17/2025 | ✓ | |



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | |
|---|---|---|---|---|
| 63 | 27202 | 10/20/2025 | | ✓ |
| 64 | 27202 | 10/21/2025 | | ✓ |
| 65 | 27202 | 10/22/2025 | | ✓ |
| 66 | 27202 | 10/22/2025 | | ✓ |
| 67 | 27202 | 10/23/2025 | | ✓ |
| 68 | 27202 | 10/24/2025 | | ✓ |
| 69 | 27202 | 10/25/2025 | | ✓ |
| 70 | 27202 | 10/27/2025 | | ✓ |

43. The five digit sending numbers are SMS short codes, used by bulk senders of commercial electronic mail to send text messages.

44. A checkmark in the "MC" column means the text message was advertising for *maplecoverage.com*, a website selling auto insurance for the Insurance Company Defendants and owned by Maple.

45. A checkmark in the "CS" column means the text message was advertising for *curbsure.com*, a website selling auto insurance for the Insurance Company Defendants and owned by Curb Sure.

46. Periodically Ocean Reef or an agent acting on behalf of Ocean Reef directed one of its subsidiaries to start or stop telephone soliciting the Plaintiff.

47. The Plaintiff believes that Ocean Reef via currently unknown subsidiaries has been text message soliciting her from other SMS short codes advertising goods and services.

48. When Ocean Reef changed the subsidiary telephone soliciting the Plaintiff, it changed the SMS short code, with a new website advertised in the text message, making it appear to the Plaintiff that they are not connected to other Ocean Reef subsidiaries.

49. Ocean Reef did this to hide from the Plaintiff that the same entity controlled the different calling numbers and websites, and to hide Ocean Reef's involvement in the telemarketing operation.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

50. Websites *CurbSure.com* and *MapleCoverage.com* were advertising insurance services for The Insurance Company Defendants as well as their subsidiaries and affiliates.

51. The following are example text messages the Plaintiff received:







52. During all times relevant to this lawsuit Maple owned and/or operated *MapleCoverage.com* and SMS short code 24068.

53. During all times relevant to this lawsuit Curb Sure owned and/or operated *CurbSure.com* and SMS short code 27202.

54. Except for the names of websites, *MapleCoverage.com*'s Terms & Conditions page and Privacy Policy pages are identical to *CurbSure.com*'s Terms and Conditions and Privacy Policy pages, word for word, including formatting.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

55. The same is true for each website's Privacy Policy page.

56. Each website lists a different phone number, but on 10/23/2025, a call to each number was answered by the same automated system using the same voice and script.

57. Both websites use real physical addresses of co-working spaces in the Portland Oregon metro area.

58. These addresses are fake, neither Maple Coverage nor Curb Sure use physical office space in Oregon.

59. The Ocean Reef Defendants use these Oregon co-working spaces to disguise their Delaware origins.

60. Each website lists a company name – CurbSure LLC and MapleCoverage LLC – but neither Oregon nor Washington state have any record of them because they are Delaware companies with no physical office presence in Oregon or Washington.

61. Using a reasonable means, on 10/4/2025, the Plaintiff wrote to both Progressive and State Farm to make company specific *do-not-call* ("DNC") requests.

62. The Plaintiff's 10/4/2025 letters to Progressive and State Farm told each of them her full Washington State area code phone number.

63. The Plaintiff's 10/4/2025 letters to Progressive and State Farm told each of them that she had gotten a bunch of unwanted text messages from a *MapleCoverage.com* trying to sell her auto insurance for Progressive and State Farm, respectively.

64. The Plaintiff's 10/4/2025 letters to Progressive and State Farm told each of them she didn't want telephone solicitations.

65. The Plaintiff's 10/4/2025 letters to Progressive and State Farm told each of them "please tell everyone soliciting for you to put my number on their do not call list."

66. Each Insurance Company Defendant forwarded the Plaintiff's DNC letters to Ocean Reef because they knew Ocean Reef operated *MapleCoverage.com*.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

67. The Insurance Company Defendants knew every website Ocean Reef was using to sell their insurance services because the Insurance Company Defendants paid Ocean Reef for traffic and business generated by each of Ocean Reef's websites that was soliciting for an Insurance Company Defendant.

68. Each Insurance Company Defendant knew that Ocean Reef had many websites selling insurance services on their behalf.

69. Each Insurance Company Defendant knew that Ocean Reef wrapped each of the websites selling insurance services on their behalf in a different subsidiary LLC.

70. When Ocean Reef received the Plaintiff's DNC requests via the Insurance Company Defendants, it knew that the Plaintiff didn't want any telephone solicitation from the Ocean Reef Defendants, or any insurance related solicitations.

71. Despite this, the table of calls above shows the Ocean Reef Defendants or their agents continued texting the Plaintiff telephone solicitations, and Ocean Reef did so on behalf of the Insurance Company Defenants.

72. The Ocean Reef Defendants and the Insurance Company Defendants believed they didn't have to actually stop telephone soliciting the Plaintiff because the Plaintiff wouldn't know that Curb Sure was Ocean Reef's alter ego.

73. The Ocean Reef Defendants and the Insurance Company Defendants believed they could continue soliciting the Plaintiff from the *CurbSure.com* SMS short code and website without The Plaintiff realizing *CurbSure.com* and *MapleCoverage.com* were related.

74. And that is what they did.

75. The Insurance Company Defendants knew that Ocean Reef was telephone soliciting their products, knew Ocean Reef was telephone soliciting their products to the Plaintiff's specific phone number, and knew that Ocean Reef was telemarketing from multiple



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

phone numbers advertising the Insurance Company Defendants products on multiple websites through Ocean Reef's subsidiaries.

76. When the Insurance Company Defendants received the Plaintiff's 10/4/2025 letters, instead of doing a reasonable investigation into Ocean Reef's unwanted telephone solicitation calls, they told Ocean Reef that The Plaintiff had mentioned *MapleCoverage.com* and tried to make it appear that Ocean Reef had stopped calling the Plaintiff by switching to a different Ocean Reef subsidiary to telephone solicit her.

77. The Insurance Company Defendants knew or should have known Ocean Reef did not stop telephone soliciting the Plaintiff but played a shell game to make it appear Ocean Reef had stopped telemarketing the Plaintiff.

78. The Insurance Company Defendants did not want to do a reasonable investigation into Ocean Reef, including talking to the Plaintiff to confirm that the calls on their behalf from the Ocean Reef Defendants had stopped or other details that would allow them to do a reasonable investigation, because they wanted to turn a blind eye to Ocean Reef's use of many subsidiaries to telephone solicit the Insurance Company Defendants' products.

79. The Insurance Company Defendants wanted to turn a blind eye to Ocean Reef because of how much business Ocean Reef was bringing in, and they felt Ocean Reef's use of subsidiaries was doing a good job of hiding the fact that the unwanted calls were connected to the Insurance Company Defendants.

80. The Ocean Reef Defendants ignored the Plaintiff's do-not-call request and Ocean Reef directed its operation to resume texting the Plaintiff telephone solicitations from subsidiary Curb Sure, still advertising for Progressive and State Farm.

81. On or about 10/24/2025 the Plaintiff followed up with The Insurance Company Defendants, using a reasonable means to send them each the following letter:



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

> I am following up about my previous letter regarding Maple Coverage. I've been looking into this whole thing and I have learned a lot more about what is going on. I learned Maple Coverage LLC out of Delaware appears to own or operate MapleCoverage.com, and in turn Maple Coverage LLC is owned by an Ocean Reef Media LLC.
>
> Ocean Reef Media LLC owns a bunch of LLC's like Maple Coverage. I have tried to find out more about Ocean Reef Media LLC but other than that they have been in business for many years there seems to be almost no information out there about them.
>
> What I did learn is they own Curb Sure LLC and Mighty Policy LLC. These subsidiaries of Ocean Reef Media LLC each appear to own and or operate a website and a unique SMS short code, and each of these websites seems to be used for selling auto insurance for different companies. I know your logo is on them.
>
> After my letter to you, I did, at least for now, stop getting calls for Maple Coverage, but they moved the same calls to a different subsidiary. I have learned quite a bit and it would be easy to work with you on how this is all working if you give me a call (360) xxx-xxxx. [Redacted].

82. When The Insurance Company Defendants each received this letter, they became concerned that the Plaintiff might know the Curb Sure solicitations were from Ocean Reef and they then instructed Ocean Reef to stop telephone soliciting the Plaintiff altogether.

83. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **DNCR Class**: Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **CEMA Class:** Plaintiff and all persons within Washington State who Defendants initiated or assisted in the transmission of one or more commercial electronic text messages to their phone number without consent.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**Identification Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification a Defendant (or an agent acting on behalf of a Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**Procedures Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or an agent acting on behalf of Defendant), that Defendant did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from or on behalf of that Defendant.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendants (or an agent acting on behalf of Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**Affiliated Entities Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or an agent acting on behalf of Defendant), and that person received further telephone solicitation calls from an entity affiliated with the Defendant but would not have expected to.

84. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

85. **Numerosity:** On information and belief the members of the class for whose benefit this action is brought is more than 200 and are so numerous that joinder of all members is impracticable.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

86. The exact number and identities of the persons who fit within the Classes are ascertainable in that the Defendants and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which the Defendants made calls;

b. The telephone numbers to which the Defendants called;

c. Whether the Defendants placed voice calls or text messages to the Plaintiff and members of the DNCR Class and the CEMA Class without first obtaining consent to make the calls;

d. The telephone numbers for which the Defendants had prior express consent;

e. Whether members of the Classes are entitled to treble damages based on the willfulness of the Defendants' conduct;

f. The purposes of such calls;

g. The names and addresses of Class members;

h. If the Defendants had sufficient procedures to prevent further telephone solicitation calls to consumers who make do-not-call requests; and

j. If the defendants could have but chose not to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

87. The Classes are comprised of hundreds, if not thousands, of individuals.

88. There are common questions of law and fact affecting the rights of the Members of the Classes, including, inter alia, the following:

a. Whether Defendants (or someone acting on its behalf) makes telephone solicitation calls;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

b. Whether Defendants (or someone acting on its behalf) obtains prior express consent;

c. Whether Defendants or the entity with which it contracts makes telephone solicitation calls to Washington State residents;

d. Whether Defendants called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted;

e. If the defendants had sufficient procedures to prevent further telephone solicitation calls to consumers who make do-not-call requests;

f. Whether Defendants should be enjoined from engaging in such conduct in the future.

89. The Plaintiff is a member of the Classes in that the Defendants made two or more calls for telephone solicitation purposes, to her telephone number, without her prior express consent, for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.

90. **Commonality:** The Plaintiff's claims are typical of the claims of the members of the class in that they arise from the Defendants' uniform conduct and are based on the same legal theories as these claims.

91. The Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

92. The Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

93. The Defendants have acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

94. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

95. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

96. Common questions will predominate, and there will be no unusual manageability issues.

97. **Adequate Representation**: The Plaintiff will fairly and adequately represent and protect the interests of the Classes. The Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to the Plaintiff. The Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

98. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

the Classes to obtain effective relief from the Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

99. **Injunctive Relief**: The Defendants' conduct is uniform to all members of the Class. The Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

100. The Insurance Company Defendants are each a "seller" as defined by 47 CFR § 64.1200(f)(10).

101. The Ocean Reef Defendants are each a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

102. All of the calls the Defendants initiated to the Plaintiff and proposed Class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

103. The Ocean Reef Defendants and the Insurance Company Defendants are "persons" as defined by RCW 19.86.010(1).

104. The Plaintiff is a person as defined by RCW 19.86.010(1).

105. The Ocean Reef Defendants and the Insurance Company Defendants engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

106. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from the Insurance Company Defendants.

107. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

108. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

109. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

110. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation without consent to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

111. The Plaintiff realleges the previous paragraphs supra.

112. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

113. The Defendants violated 47 U.S.C. 227(c) by calling the Plaintiff's telephone without invitation or consent.

114. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

115. Ocean Reef instructed its subsidiaries to not identify themselves or who they were texting because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing the Defendants for the illegal calls.

116. The Insurance Company Defendants knew or should have known the Ocean Reef Defendants were telephone soliciting on their behalf without consent.

117. The Insurance Company Defendants knew or should have known the Ocean Reef Defendants were telephone soliciting on their behalf without consent while hiding their



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

identity in violation of the law, and not disclosing in the telephone solicitations who they were soliciting for, in violation of the law.

118. The Defendants violated 47 U.S.C. § 227(c) on no fewer than seventy (70) occasions.

119. The Plaintiff has been damaged and injured as a result of these actions.

120. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 – WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT**
**RCW 19.190 *et seq***

121. Washington State's Commercial Electronic Mail Act ("CEMA") prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party.

122. No person conducting business in Washington state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

123. The legislature has found that the practices covered by CEMA are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW. RCW 19.190.060.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

124. The Washington State Supreme Court has held[1] that sending a text message in violation of CEMA is a per-se violation of the states' Consumer Protection Act statute RCW 19.86, meaning it automatically satisfies all five elements. "In fact, damages for CEMA violations are automatic."

125. The Washington State legislature determined that "[d]amages to the recipient of a . . . commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

126. The Plaintiff realleges the previous paragraphs supra.

127. Each Defendant either initiated or substantially assisted in the transmission of text messages to Plaintiff that promoted the sale of goods or services.

128. The Defendants violated RCW 19*.190 et seq* on no fewer than seventy (70) occasions.

129. The Plaintiff has been damaged and injured as a result of these actions.

130. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

131. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

132. The Plaintiff realleges the previous paragraphs supra.

133. The Ocean Reef Defendants and the Insurance Company Defendants initiated calls to Plaintiff and either did not have procedures for maintaining a list of persons who request not to receive such calls, or their procedures were not to cease telemarketing calls but

[1] *Wright v. Lyft, Inc.*, 189 Wn.2d 718, (Wash. 2017)



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

to telemarket the person from a different telephone number / SMS short code such that the recipient was unaware their *do-not-call* request had been ignored.

134. The Plaintiff made do-not-call requests to the Ocean Reef Defendants and the Insurance Company Defendants and instead of honoring their requests, their procedure was further telemarketing to the Plaintiff from a different telephone number / SMS short code such that she would be (they hoped) unaware her *do-not-call* request had been ignored.

135. Therefore, the Defendants violated 47 C.F.R. § 64.1200(d) on no fewer than seventy (70) occasions.

136. The Plaintiff has been damaged and injured as a result of these actions.

137. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

138. Pursuant to 47 C.F.R. § 64.1200(d)(4), all calls made for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

139. The Plaintiff realleges the previous paragraphs supra.

140. The Insurance Company Defendants have each seen samples of the text messages the Ocean Reef Defendants are initiating, and they know the samples do not identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

141. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted by the Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

142. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

143. Therefore, the Defendants violated 47 C.F.R. § 64.1200(d)(4) on no fewer than seventy (70) occasions.

144. The Plaintiff has been damaged and injured as a result of these actions.

145. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

146. Pursuant to 47 C.F.R. § 64.1200(d)(5), a consumer can make a specific do-not-call request that they can expect applies to the entity marking the call and their affiliated entities.

147. The Plaintiff realleges the previous paragraphs supra.

148. On or about 10/4/2025, The Plaintiff made specific do-not-call requests to each of The Insurance Company Defendants that she reasonably expected would apply to every Ocean Reef Defendant.

149. Yet The Insurance Company Defendants, Ocean Reef, and Curb Sure did not stop calling the Plaintiff within the 10-business day requirement of 47 CFR § 64.1200(a)(10).

150. Therefore, the Defendants violated 47 C.F.R. § 64.1200(d)(5) on no fewer than seventy (70) occasions.

151. The Plaintiff has been damaged and injured as a result of these actions.

152. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 6 – TELEPHONE CONSUMER PROTECTION ACT 47 C.F.R. § 64.1601(e)

153. 47 CFR § 64.1601(e) requires any entity engaged in telemarketing as that term defined in 47 C.F.R § 64.1200 must transmit caller identification information.

154. The Plaintiff realleges the previous paragraphs supra.

155. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

156. The Defendants and their agents did neither.

157. The Insurance Company Defendants have each seen samples of the text messages the Ocean Reef Defendants are initiating, and they know the samples do not transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

158. The Ocean Reef Defendants and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and they chose not to transmit this information on any call to the Plaintiff.

159. Ocean Reef and their agent's chose not to transmit a telephone number such that the Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

160. Therefore, the Defendants have violated 47 CFR § 64.1601(e) on no fewer than seventy (70) occasions.

161. The Plaintiff has been damaged and injured as a result of these actions.

162. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 7 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 *et seq***

163. A violation of RCW 19.190 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

164. The Plaintiff realleges the previous paragraphs supra.

165. Each of the previously pleaded violations of RCW 19.190 *et seq* by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

166. Therefore, the Defendants violated RCW 19.86 *et seq* on no fewer than seventy (70) occasions.

167. The Plaintiff has been injured and damaged because of the Defendants' actions.

168. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – INJUNCTIVE RELIEF**

169. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

170. A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

171. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(c), 47 CFR § 64.1601(e), and RCW 19.190 *et seq*.

172. The Plaintiff realleges the previous paragraphs supra.

173. Despite multiple DNC requests, Ocean Reef continued to have one or more subsidiaries continue telephone soliciting the Plaintiff and the Insurance Company Defendants turn a blind eye to it.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

174. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

175. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

176. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

177. The Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

178. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

179. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

180. For statutory damages of $500.00 per violation of the Commercial Electronic Mail Act and RCW 19.190;

181. For the Plaintiff's actual damages;

182. For treble damages pursuant to RCW 19.86.090 and 47 U.S.C.§ 227(c);

183. For the Plaintiff's costs and attorney's fees pursuant to RCW 19.86.90;

184. For all injunctive relief as pleaded for above;

185. For any and all other relief this Court deems proper.

DATED October 16, 2025.

NORTHWEST DEBT RESOLUTION, LLC

[signature]

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015