THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN REEF MEDIA, LLC; THE PROGRESSIVE CORPORATION; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; MAPLE COVERAGE, LLC; CURBSURE LLC, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05036-DGE<br><br>**DEFENDANT MAPLE COVERAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

Defendant Maple Coverage, LLC ("Maple") hereby answers the Class Action Complaint (the "Complaint") filed by plaintiff Jaxene Sundstrom ("Plaintiff") as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Maple states that there are no allegations in Paragraph 1 directed to Maple and, therefore, no response is required.

2. Answering Paragraph 2 of the Complaint, Maple states that there are no allegations in Paragraph 2 directed to Maple and, therefore, no response is required.

3. Answering Paragraph 3 of the Complaint, Maple states that there are no allegations



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

in Paragraph 3 directed to Maple and, therefore, no response is required.

4. Answering Paragraph 4 of the Complaint, Maple states that there are no allegations in Paragraph 4 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the Telephone Consumer Protection Act ("TCPA") speaks for itself and Maple denies any allegations that are inconsistent therewith.

5. Answering Paragraph 5 of the Complaint, Maple states that there are no allegations in Paragraph 5 directed to Maple and, therefore, no response is required.

6. Answering Paragraph 6 of the Complaint, Maple states that there are no allegations in Paragraph 6 directed to Maple and, therefore, no response is required.

7. Answering Paragraph 7 of the Complaint, Maple states that there are no allegations in Paragraph 7 directed to Maple and, therefore, no response is required.

8. Answering Paragraph 8 of the Complaint, Maple states that there are no allegations in Paragraph 8 directed to Maple and, therefore, no response is required.

9. Answering Paragraph 9 of the Complaint, Maple states that there are no allegations in Paragraph 9 directed to Maple and, therefore, no response is required.

10. Answering Paragraph 10 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

11. Answering Paragraph 11 of the Complaint, Maple states that there are no allegations in Paragraph 11 directed to Maple and, therefore, no response is required.

## II. PARTIES, JURISDICTION & VENUE

12. Answering Paragraph 12 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Maple states that there are no allegations in Paragraph 13 directed to Maple and, therefore, no response is required. To the extent



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Maple states that there are no allegations in Paragraph 14 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Maple denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Maple admits the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Maple states that there are no allegations in Paragraph 19 directed to Maple and, therefore, no response is required.

20. Answering Paragraph 20 of the Complaint, Maple states that there are no allegations in Paragraph 20 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 20 and, on that basis, denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Maple denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Maple denies the allegations contained therein.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

23. Answering Paragraph 23 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Maple states that there are no allegations in Paragraph 25 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 25 and, on that basis, denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Maple states that there are no allegations in Paragraph 26 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 26 and, on that basis, denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Maple states that there are no allegations in Paragraph 27 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 27 and, on that basis, denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Maple states that there are no allegations in Paragraph 28 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 28 and, on that basis, denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Maple states that there are no allegations in Paragraph 29 directed to Maple and, therefore, no response is required.

30. Answering Paragraph 30 of the Complaint, Maple states that there are no allegations in Paragraph 30 directed to Maple and, therefore, no response is required.

31. Answering Paragraph 31 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, Maple does not challenge jurisdiction or venue for purposes of this action only, but denies any liability to Plaintiff and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent, is entitled to any relief whatsoever from Maple. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration.

34. Answering Paragraph 34 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Maple does not challenge jurisdiction or venue for purposes of this action only, but denies any liability to Plaintiff and/or any person she purports to represent, and denies that Plaintiff and/or any person she purports to represent, is entitled to any relief whatsoever from Maple. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration. Except as expressly stated, Maple denies the remaining allegations contained in Paragraph 35.

## III. FACTUAL ALLEGATIONS

**Plaintiff The Plaintiff Sundstrom**

36. Answering Paragraph 36 of the Complaint, Maple states that there are no allegations in Paragraph 36 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

truth of the allegations in Paragraph 36 and, on that basis, denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Maple states that there are no allegations in Paragraph 37 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 37 and, on that basis, denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Maple states that there are no allegations in Paragraph 38 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 38 and, on that basis, denies the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Maple states that there are no allegations in Paragraph 43 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Maple admits that it is an online insurance referral company.

45. Answering Paragraph 45 of the Complaint, Maple states that there are no allegations in Paragraph 45 directed to Maple and, therefore, no response is required. To the extent



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Maple states that there are no allegations in Paragraph 46 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Maple denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, Maple states that there are no allegations in Paragraph 48 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Maple states that there are no allegations in Paragraph 49 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, with respect to the allegations directed towards it, Maple admits that it is an online insurance referral company. Maple lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50 and, on that basis, denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, Maple states that the example text messages speak for themselves and denies any allegations inconsistent therewith.

52. Answering Paragraph 52 of the Complaint, Maple admits that it owned and/or operated MapleCoverage.com. Maple lacks knowledge or information at this time sufficient to form a belief as to the remaining allegations in Paragraph 52 and, on that basis, denies the allegations contained therein.



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

53. Answering Paragraph 53 of the Complaint, Maple states that there are no allegations in Paragraph 53 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information at this time sufficient to form a belief as to the remaining allegations in Paragraph 53 and, on that basis, denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 and, on that basis, denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 and, on that basis, denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, with respect to the allegations directed towards it, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, with respect to the allegations directed towards it, Maple admits that MapleCoverage.com includes a physical address in the Portland Oregon metro area.

58. Answering Paragraph 58 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Maple states that there are no allegations in Paragraph 61 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

truth of the allegations in Paragraph 61 and, on that basis, denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Maple states that there are no allegations in Paragraph 62 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies the allegations contained therein.

63. Answering Paragraph 63 of the Complaint, Maple states that there are no allegations in Paragraph 63 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies the allegations contained therein.

64. Answering Paragraph 64 of the Complaint, Maple states that there are no allegations in Paragraph 64 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Maple states that there are no allegations in Paragraph 65 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, Maple states that there are no allegations in Paragraph 66 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, Maple states that there are no allegations in Paragraph 67 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, Maple states that there are no



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations in Paragraph 68 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Maple states that there are no allegations in Paragraph 69 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, Maple states that there are no allegations in Paragraph 70 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

73. Answering Paragraph 73 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, Maple states that there are no allegations in Paragraph 75 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, Maple states that there are no allegations in Paragraph 76 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

truth of the allegations in Paragraph 76 and, on that basis, denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, Maple states that there are no allegations in Paragraph 77 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, Maple states that there are no allegations in Paragraph 78 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies the allegations contained therein.

79. Answering Paragraph 79 of the Complaint, Maple states that there are no allegations in Paragraph 79 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies the allegations contained therein.

80. Answering Paragraph 80 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

81. Answering Paragraph 81 of the Complaint, Maple states that there are no allegations in Paragraph 81 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies the allegations contained therein.

82. Answering Paragraph 82 of the Complaint, Maple states that there are no allegations in Paragraph 82 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies the allegations contained therein.

83. Answering Paragraph 83 of the Complaint, Maple admits that Plaintiff brings this action on her own behalf and purportedly on behalf of similarly situated individuals but denies that certification of any proposed class would be appropriate.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

84. Answering Paragraph 84 of the Complaint, Maple denies that certification of any proposed class would be appropriate here.

85. Answering Paragraph 85 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

86. Answering Paragraph 86 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

87. Answering Paragraph 87 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

88. Answering Paragraph 88 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

89. Answering Paragraph 89 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

90. Answering Paragraph 90 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

91. Answering Paragraph 91 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

92. Answering Paragraph 92 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

93. Answering Paragraph 93 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

94. Answering Paragraph 94 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

95. Answering Paragraph 95 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

96. Answering Paragraph 96 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

97. Answering Paragraph 97 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

98. Answering Paragraph 98 of the Complaint, Maple denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

99. Answering Paragraph 99 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, declaratory or injunctive relief.

## IV. CAUSES OF ACTION

## ALLEGATIONS APPLICABLE TO ALL COUNTS

100. Answering Paragraph 100 of the Complaint, Maple states that there are no allegations in Paragraph 100 directed to Maple and, therefore, no response is required. To the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

extent a response is required, Maple states that 47 C.F.R. § 64.1200(f)(10) speaks for itself and Maple denies any allegations that are inconsistent therewith.

101. Answering Paragraph 101 of the Complaint, Maple denies the allegations contained therein.

102. Answering Paragraph 102 of the Complaint, Maple denies the allegations contained therein.

103. Answering Paragraph 103 of the Complaint, Maple states that the allegations in Paragraph 103 consist of legal conclusions to which no response is required. To the extent a response is required, Maple states that RCW 19.86.010(1) speaks for itself and Maple denies any allegations that are inconsistent therewith.

104. Answering Paragraph 104 of the Complaint, Maple states that the allegations in Paragraph 104 consist of legal conclusions to which no response is required. To the extent a response is required, Maple states that RCW 19.86.010(1) speaks for itself and Maple denies any allegations that are inconsistent therewith.

105. Answering Paragraph 105 of the Complaint, Maple states that the allegations in Paragraph 105 consist of legal conclusions to which no response is required. To the extent a response is required, Maple states that RCW 19.86.010(2) speaks for itself and Maple denies any allegations that are inconsistent therewith.

106. Answering Paragraph 106 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

107. Answering Paragraph 107 of the Complaint, Maple denies the allegations contained therein.

108. Answering Paragraph 108 of the Complaint, Maple denies the allegations contained therein.

109. Answering Paragraph 109 of the Complaint, Maple denies the allegations contained therein.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**COUNT 1 – TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. 227(c)**

110. Answering Paragraph 110 of the Complaint, Maple states that the allegations in Paragraph 110 consist of legal conclusions to which no response is required. To the extent a response is required, Maple states that 47 U.S.C. 227(c) speaks for itself and Maple denies any allegations that are inconsistent therewith.

111. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

112. Answering Paragraph 112 of the Complaint, Maple lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 112 and, on that basis, denies the allegations contained therein..

113. Answering Paragraph 113 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

114. Answering Paragraph 114 of the Complaint, Maple denies the allegations contained therein.

115. Answering Paragraph 115 of the Complaint, Maple states that there are no allegations in Paragraph 115 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 115 and, on that basis, denies the allegations contained therein.

116. Answering Paragraph 116 of the Complaint, Maple states that there are no allegations in Paragraph 116 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 116 and, on that basis, denies the allegations contained therein.

117. Answering Paragraph 117 of the Complaint, with respect to the allegations directed



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

towards it, Maple denies the allegations contained therein.

118. Answering Paragraph 118 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

119. Answering Paragraph 119 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

120. Answering Paragraph 120 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

**COUNT 2 – WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT**

**RCW. 19.190 *et seq.***

121. Answering Paragraph 121 of the Complaint, Maple states that there are no allegations in Paragraph 121 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the Washington Commercial Electronic Mail Act ("CEMA") speaks for itself and Maple denies any allegations that are inconsistent therewith.

122. Answering Paragraph 122 of the Complaint, Maple states that there are no allegations in Paragraph 122 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that CEMA speaks for itself and Maple denies any allegations that are inconsistent therewith.

123. Answering Paragraph 123 of the Complaint, Maple states that there are no allegations in Paragraph 123 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that CEMA speaks for itself and Maple denies any allegations that are inconsistent therewith.

124. Answering Paragraph 124 of the Complaint, Maple states that there are no allegations in Paragraph 124 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that CEMA speaks for itself and Maple denies any allegations that are inconsistent therewith.

125. Answering Paragraph 125 of the Complaint, Maple states that there are no



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations in Paragraph 125 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that CEMA speaks for itself and Maple denies any allegations that are inconsistent therewith.

126. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

127. Answering Paragraph 127 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

128. Answering Paragraph 128 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

129. Answering Paragraph 129 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

130. Answering Paragraph 130 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1200(d)**

131. Answering Paragraph 131 of the Complaint, Maple states that there are no allegations in Paragraph 131 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1200(d) speaks for itself and Maple denies any allegations that are inconsistent therewith.

132. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

133. Answering Paragraph 133 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

134. Answering Paragraph 134 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

135. Answering Paragraph 135 of the Complaint, with respect to the allegations directed



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

towards it, Maple denies the allegations contained therein.

136. Answering Paragraph 136 of the Complaint, Maple denies the allegations contained therein.

137. Answering Paragraph 137 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1200(d)(4)**

138. Answering Paragraph 138 of the Complaint, Maple states that there are no allegations in Paragraph 138 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1200(d)(4) speaks for itself and Maple denies any allegations that are inconsistent therewith.

139. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

140. Answering Paragraph 140 of the Complaint, Maple states that there are no allegations in Paragraph 140 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 140 and, on that basis, denies the allegations contained therein.

141. Answering Paragraph 141 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

142. Answering Paragraph 142 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

143. Answering Paragraph 143 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

144. Answering Paragraph 144 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

145. Answering Paragraph 145 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1200(d)(5)**

146. Answering Paragraph 146 of the Complaint, Maple states that there are no allegations in Paragraph 146 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1200(d)(5) speaks for itself and Maple denies any allegations that are inconsistent therewith.

147. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

148. Answering Paragraph 148 of the Complaint, Maple states that there are no allegations in Paragraph 148 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 148 and, on that basis, denies the allegations contained therein.

149. Answering Paragraph 149 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

150. Answering Paragraph 150 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

151. Answering Paragraph 151 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

152. Answering Paragraph 152 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

**COUNT 6 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1601(e)**

153. Answering Paragraph 153 of the Complaint, Maple states that there are no



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

allegations in Paragraph 153 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1601(e) speaks for itself and Maple denies any allegations that are inconsistent therewith.

154. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

155. Answering Paragraph 155 of the Complaint, Maple states that there are no allegations in Paragraph 155 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 C.F.R. § 64.1601(e) speaks for itself and Maple denies any allegations that are inconsistent therewith.

156. Answering Paragraph 156 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

157. Answering Paragraph 157 of the Complaint, Maple states that there are no allegations in Paragraph 157 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 157 and, on that basis, denies the allegations contained therein.

158. Answering Paragraph 158 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

159. Answering Paragraph 159 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

160. Answering Paragraph 160 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

161. Answering Paragraph 161 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

162. Answering Paragraph 162 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## COUNT 7 – WASHINGTON CONSUMER PROTECTION ACT

## RCW 19.86 *et seq.*

163. Answering Paragraph 163 of the Complaint, Maple states that there are no allegations in Paragraph 163 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that RCW 19.190 speaks for itself and Maple denies any allegations that are inconsistent therewith.

164. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

165. Answering Paragraph 165 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

166. Answering Paragraph 166 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

167. Answering Paragraph 167 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

168. Answering Paragraph 168 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

## COUNT 8 – INJUNCTIVE RELIEF

169. Answering Paragraph 169 of the Complaint, Maple states that there are no allegations in Paragraph 169 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that 47 U.S.C. § 227 speaks for itself and Maple denies any allegations that are inconsistent therewith.

170. Answering Paragraph 170 of the Complaint, Maple states that there are no allegations in Paragraph 170 directed to Maple and, therefore, no response is required. To the extent a response is required, Maple states that the Washington Consumer Protection Act speaks for itself and Maple denies any allegations that are inconsistent therewith.

171. Answering Paragraph 171 of the Complaint, with respect to the allegations directed



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

towards it, Maple denies the allegations contained therein.

172. Maple incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

173. Answering Paragraph 173 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

174. Answering Paragraph 174 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

175. Answering Paragraph 175 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

176. Answering Paragraph 176 of the Complaint, with respect to the allegations directed towards it, Maple denies the allegations contained therein.

## V. JURY DEMAND

177. Answering Paragraph 177 of the Complaint, Maple acknowledges that Plaintiff has demanded a trial by jury. Maple further states that Plaintiff's claims may be subject to binding, individual arbitration and Maple specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person she purports to represent whose claims also may be subject to binding, individual arbitration.

## VI. PRAYER FOR RELIEF

178. Answering Paragraph 178 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

179. Answering Paragraph 179 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

180. Answering Paragraph 180 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

181. Answering Paragraph 181 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

182. Answering Paragraph 182 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

183. Answering Paragraph 183 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

184. Answering Paragraph 184 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

185. Answering Paragraph 185 of the Complaint, Maple denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person she purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## AFFIRMATIVE DEFENSES

Maple has not completed its investigation of the facts of this case, has not performed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on Maple's knowledge, information, and belief at the present time, and Maple specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without assuming the burden of proof where it otherwise lies with Plaintiff, Maple alleges the following separate and distinct affirmative defenses on information and belief:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to set forth facts sufficient to state a claim against Maple.

### SECOND AFFIRMATIVE DEFENSE

**(Binding Arbitration Agreement)**

The Complaint fails to the extent that Plaintiff seeks to represent and/or include Maple customers as part of any putative class because the claims of such putative class members are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing class members' account(s) with Maple.

### THIRD AFFIRMATIVE DEFENSE

**(Prior Express Consent)**

The Complaint fails to the extent Plaintiff, and/or any person she purports to represent, provided "prior express consent" within the meaning of the TCPA, for all messages allegedly sent to Plaintiff's cellular telephone number, and the number of anyone she purports to represent.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## FOURTH AFFIRMATIVE DEFENSE

**(Safe Harbor)**

Maple alleges that the claims of Plaintiff and the putative class members are barred because the alleged conduct, in which Maple did not participate, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## FIFTH AFFIRMATIVE DEFENSE

**(Preexisting Commercial Relationship)**

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the parties' preexisting commercial relationship.

## SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Although Maple denies that Plaintiff, and/or any person she purports to represent, suffered any damages, to the extent any damages have been suffered, Plaintiff, and/or any person she purports to represent, failed to mitigate those damages.

## EIGHTH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Plaintiff and the putative class members, which amount to and constitute a waiver and/or estoppel of their claims and any relief sought thereby.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff and the putative class members ratified the conduct alleged in the Complaint and therefore are barred from recovery against Maple.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Independent/Intervening Conduct)**

Plaintiff and the putative class members are barred from recovery in that any damage, injury and/or harm allegedly sustained by Plaintiff and the putative class members was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of Maple.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

Plaintiff and the putative class members failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff and the putative class members were proximately caused



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

and contributed to by their own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Apportionment)**

Maple is not legally responsible with respect to the damages that may be claimed by Plaintiff and the putative class members as a result of the matters alleged in the Complaint; however, if Maple is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-Maple parties, persons and entities, or the agents, servants and employees of such non- Maple parties, persons and entities, who contributed to and/or caused said damages, according to proof presented during trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

The claims of Plaintiff and the putative class members for injunctive relief are barred because Plaintiff and the putative class members cannot establish, among other things, that there is no adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Excessive Damages)**

The statutory damages and penalties sought by Plaintiff and the putative class members are excessive and unconstitutional under the constitutions of the United States and the State of Washington, including under the due process provisions of each constitution.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

Plaintiff's claims are barred in whole or in part by the due process provisions of the Washington and United States constitutions including because CEMA, RCW 19.190.010 *et seq*., is unconstitutionally vague and imposes arbitrary, irrational, and/or disproportionate penalties in violation of due process.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Compliance With CEMA)**

Maple complied with the letter and spirit of CEMA, RCW 19.190.010 *et seq*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Violation of the Washington Constitution)**

To the extent CEMA, RCW 19.190.010 *et seq*., purports to amend the Consumer Protection Act, RCW 19.86.010 *et seq*., including but not limited to by defining or establishing, in whole or in part, violations of the Consumer Protection Act or remedies available for claims brought under the Consumer Protection Act, CEMA violates Article 2 Section 37 of the Washington Constitution, and Plaintiff's claims are barred accordingly.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Maple expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## PRAYER FOR RELIEF

WHEREFORE, Maple prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Maple recover its attorneys' fees and costs herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: February 18, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Marisa L. Berlinger*

Marisa L. Berlinger, WSBA #58991
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: marisa.berlinger@morganlewis.com

*Attorney for Defendant Maple Coverage, LLC*