The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAXENE SUNDSTROM, on behalf of herself and all others similarly situated,

                Plaintiff,

           v.

OCEAN REEF MEDIA, LLC; THE PROGRESSIVE CORPORATION; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; MAPLE COVERAGE, LLC; CURB SURE LLC, and DOES 1-10,

                Defendants.

Case No. 3:26−cv−05036−DGE

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS**

NOTED ON MOTION CALENDAR: MARCH 18, 2026

STIPULATED MOTION AND ORDER TO CONTINUE TRIAL DATE AND MODIFY CASE SCHEDULE - 1
No. 13-2-39221-6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................... 1

II.     FACTUAL ALLEGATIONS .................................................................. 2

III.    LEGAL STANDARDS ........................................................................... 3

IV.     ARGUMENT ........................................................................................... 4

        A.    Plaintiff's TCPA Claims Should Be Dismissed Because She Fails To
              Adequately Allege That State Farm May Be Held Directly Or Vicariously
              Liable For The Texts. ...................................................................... 4

        B.    Count I Should Be Dismissed Because the DNC Provision Of The TCPA
              Provides A Private Right of Action Only For Unlawful Telephone Calls, Not
              For Text Messages. .......................................................................... 7

        C.    Plaintiff's Claims Based Upon Alleged Violations Of Section 64.1200(d)
              (Counts III-V) Should Be Dismissed. ............................................ 9

        D.    Plaintiff's Claim Based Upon An Alleged Violation of Section 64.1601(e)
              (Count VI) Should Be Dismissed. ................................................ 10

        E.    Plaintiff's State-Law CEMA (Count II) and CPA Claims (Count VII) Should
              Be Dismissed. ............................................................................... 12

              1.    Plaintiff has not stated a claim against State Farm under CEMA. ....... 12

              2.    Plaintiff Has Not Stated A Claim Against State Farm Under The CPA.
                    ................................................................................................ 12

        F.    Plaintiff's Claim For Injunctive Relief (Count VIII) Should Be Dismissed. .... 15

V.      CONCLUSION ..................................................................................... 16

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**CASES**

4

*Ackley v. Sec. Life Ins. Co. of Am.*,
   No. C13-432-RSM, 2013 WL 12116155 (W.D. Wash. Sept. 9, 2013)................................ 5

*Alexander v. Sandoval*,
   121 S. Ct. 1511 (2001) ............................................................................................... 10, 11

*Ashcroft* v. *Iqbal*,
   129 S. Ct. 1937 (2009) ..................................................................................................... 4

*Barton v. Am. Fam. Life Assurance Co. of Columbus*,
   No. 3:25-CV-05671-TMC, 2026 WL 177598 (W.D. Wash. Jan. 22, 2026) ..................... 11

*Barton v. Bright Solar Mktg. LLC*,
   No. 3:25-CV-05310-DGE, 2025 WL 2880136 (W.D. Wash. Oct. 9, 2025) ............... 11, 15

*Barton v. Delfgauw*,
   No. 3:21-CV-05610-DGE, 2025 WL 2402131 (W.D. Wash. Aug. 18, 2025).................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 4, 6

*Bottoms v. Block, Inc.*,
   23-1969 MJP, 2024 WL 1931690 (W.D. Wash. May 2, 2024) ..................................... 14

*Braver v. NorthStar Alarm Servs., LLC*,
   No. CIV-17-0383-F, 2019 WL 3208651 (W.D. Okla. July 16, 2019) ............................ 9

*Brown v. DirecTV, LLC*,
   562 F. Supp. 3d 590 (C.D. Cal. 2021) ........................................................................... 5

*Brown v. Nano Hearing Tech Opco, LLC*,
   No. 3:24-cv-00221-BTM-JLB, 2024 WL 3367536 (S.D. Cal. July 9, 2024) ..................... 4

*Burdge v. Ass'n Health Care Mgmt., Inc.*,
   No. 1:10-CV-00100, 2011 WL 379159 (S.D. Ohio Feb. 2, 2011)................................... 10

*Campbell-Ewald Co. v. Gomez*,
   577 U.S. 153 (2016) ........................................................................................................ 5

*Can-Am Fuel Distribution LLC v. Sinclair Oil LLC*,
   No. 3:24-CV-05743-DGE, 2025 WL 1371510 (W.D. Wash. May 12, 2025) ................... 16

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Chaves v. Amazon.com Servs. LLC*,
    No. C21-1213-TL-BAT, 2022 WL 1908827 (W.D. Wash. May 23, 2022)........................ 6

*Davis v. CVS Pharmacy, Inc.*,
    797 F. Supp. 3d 1270 (N.D. Fla. 2025) .............................................................. 8

*Dawson v. Porch.com*,
    No. 2:20-CV-00604-RSL, 2024 WL 4765159 (W.D. Wash. Nov. 13, 2024)........ 10, 14, 15

*Dobronski v. Juliasangel Mktg., LLC*,
    No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265 (E.D. Mich. Sept. 17, 2025) ........... 11

*Dobronski v. Selectquote Ins. Servs.*,
    462 F. Supp. 3d 784 (E.D. Mich. 2020) ............................................................ 11

*Dobronski v. SunPath Ltd.*,
    No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020)............................ 11

*Dobronski v. Total Ins. Brokers, LLC*,
    No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) ......................... 11

*Frank v. Cannabis & Glass, LLC*,
    No. 2:19-cv-00250, 2019 WL 4855378 (E.D. Wash. Oct. 1, 2019)................................. 14

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wash.2d 778, 719 P.2d 531 (1986) ........................................................... 13

*Hodgell v. Andersen Corp.*,
    No. 2:23-CV-00649-LK, 2023 WL 4558834 (W.D. Wash. July 17, 2023) ..................... 12

*Hollis v. Exp Realty LLC*,
    No. C25-0822JLR, 2025 WL 2711424 (W.D. Wash. Sept. 23, 2025)............................ 4, 5

*Howard v. Republican Nat'l Comm.*,
    164 F.4th 1119 (9th Cir. 2026) ..................................................................... 9

*Jensen v. Cap. One Fin. Corp.*,
    No. C24-0727-KKE, 2025 WL 606194 (W.D. Wash. Feb. 25, 2025) ............................ 13

*Jones v. Blackstone Med. Servs., LLC*,
    792 F. Supp. 3d 894 (C.D. Ill. 2025) ............................................................... 8

*Kerrigan v. ViSalus, Inc.*,
    112 F. Supp. 3d 580 (E.D. Mich. 2015) ........................................................... 7

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ....................................................................... 6

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

*Loper Bright v. Raimondo*,
144 S. Ct. 2244 (2024) ............................................................................. 8

*Mayfield v. United States*,
599 F.3d 964 (9th Cir. 2010) .................................................................. 15

*McCurley v. Royal Seas Cruises, Inc.*,
No. 21-55099, 2022 WL 1012471 (9th Cir. Apr. 5, 2022) ......................... 5

*Moore v. Robinhood Fin. LLC*,
2:21-CV-01571-BJR, 2022 WL 3082969 (W.D. Wash. Aug. 3, 2022) ............ 15

*Nevada Resort Ass'n-Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators*
*of the US & Canada Loc. 720 Pension Tr. v. JB Viva Vegas, LP*,
163 F.4th 1240 (9th Cir. 2026) ................................................................ 8

*Reyes v. Fircrest Sch.*,
No. C11-0778JLR, 2012 WL 5878243 (W.D. Wash. Nov. 21, 2012) ................ 6

*Rogers v. Assurance IQ, LLC*,
No. 2:21-CV-00823-TL, 2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) .................. 5, 7

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009) .................................................................. 9

*Sayed v. Naturopathica Holistic Health, Inc.*,
8:25-CV-00847-SDM-CPT, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) ........................ 8

*State v. CLA Estate Servs., Inc.*,
23 Wn. App. 2d 279, 291, 515 P.3d 1012 (2022) ........................................ 13

*Walker-Schaut v. Lido Labs Holding Co.*,
No. C23-5944 BHS, 2024 WL 2702007 (W.D. Wash. May 24, 2024) ................. 10

*Worsham v. Travel Options, Inc.*,
No. JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016) ......................... 9, 11

*Wright v. Lyft, Inc.*,
189 Wn.2d 718, 406 P.3d 1149 (2017) .................................................... 12

**STATUTES**

47 U.S.C. 227(c)(5) ................................................................................... 8

47 U.S.C. § 227(d) ......................................................................... 9, 10, 11

RCW 19.86.090 .................................................................................... 12

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

iv

RCW 19.190.010(1) ................................................................................... 14

RCW 19.190.010(12) ................................................................................. 12

RCW 19.190.040 ....................................................................................... 12

RCW 19.190.060 ....................................................................................... 12

RCW 19.190.060(1) ................................................................................... 13

RCW 19.190.080 ....................................................................................... 12

RCW 19.190.090 ....................................................................................... 12

**RULES**

47 C.F.R. § 64.1200(d) ..................................................................... 3, 9, 10

47 C.F.R. § 64.1601(e) ................................................................... 3, 10, 11

Fed. R. Civ. P. 8 .......................................................................................... 4

Fed. R. Civ. P. 11(b)(3) ............................................................................... 7

Fed. R. Civ. P. 12(b)(6) ............................................................................... 4

**OTHER AUTHORITIES**

*In the Matter of Joint Pet. Filed by Dish Network,* 28 FCC Rcd. 6574 ................................. 4, 5

STATE FARM'S MOTION TO DISMISS

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## I.    INTRODUCTION

In this proposed nationwide class action, Plaintiff alleges that she received a number of text messages (the "Texts") that violated the Telephone Consumer Protection Act ("TCPA") and its implementing regulations, the Washington Commercial Electronic Mail Act ("CEMA"), and the Washington Consumer Protection Act ("CPA").  Plaintiff's claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") should be dismissed because Plaintiff has failed to state any viable claim for relief against State Farm.

All of Plaintiff's claims against State Farm fail, first, because she has not alleged any facts stating a plausible claim that State Farm may be held liable for the Texts.  State Farm did not transmit the Texts—Plaintiff alleges they were sent by other Defendants.  Moreover, the Complaint does not attempt to plead any claim of vicarious liability against State Farm.  And even if it did, it would fail because there are no alleged facts indicating that the sender(s) of the Texts were acting as State Farm's agent(s) or that State Farm directed that the Texts be sent to Plaintiff.  Indeed, the examples of the Texts Plaintiff provides make no mention of State Farm.  Accordingly, all claims against State Farm should be dismissed.

Plaintiff's claims suffer from additional fatal flaws.  Plaintiff's claim that State Farm violated the Do Not Call ("DNC") provision of the TCPA should be dismissed because the plain language of that provision affords a private right of action for unlawful telephone calls, not for text messages.   In addition, Plaintiff's claims alleging that State Farm violated certain procedural requirements of the TCPA regulations fail because there is no private right of action for alleged violations of those provisions.  Moreover, Plaintiff's CEMA damages claim fails for the additional reason that there is no allegation of "phishing" as required for a damages recovery under that statute on the facts alleged, and her *per se* CPA claim is subject to dismissal because she has not alleged facts supporting a CEMA violation by State Farm.  Finally, Plaintiff's request for injunctive relief should be dismissed because she has no viable underlying cause of action, there is no immediate risk of irreparable harm, and Plaintiff has an adequate remedy at law.

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    Accordingly, State Farm respectfully requests that all Plaintiff's claims against State

2    Farm be dismissed with prejudice.

## II.    FACTUAL ALLEGATIONS

4    The Complaint alleges that, on July 2, 2025, Plaintiff registered her cellular telephone

5    number with the National DNC Registry.  (Dkt. 1-1 ¶ 38.)  According to the Complaint, during

6    the period of July through October 2025, Plaintiff received at least seventy text messages

7    offering to sell her insurance.  *Id.* ¶ 42.  The Complaint includes images of some of the Texts,

8    and none of them refer to State Farm.  *Id.* ¶ 51.  Indeed, the Complaint does not allege that *any*

9    of the Texts refer to State Farm.   Rather, the Text images refer only to websites

10   (maplecoverage.com and curbsure.com) that are alleged to be operated by Defendants Maple

11   Coverage, LLC ("Maple") and Curb Sure, LLC ("Curb Sure").  *Id.* ¶¶ 50-53.  According to the

12   Complaint, Maple and Curb Sure are subsidiaries of Defendant Ocean Reef Media, LLC

13   ("Ocean Reef").  *Id.* ¶¶  15, 17.

14   The Text images provided in the Complaint indicate that the Texts concluded with the

15   statement: "Reply STOP to quit."  *Id.* ¶ 51.  The Complaint does not disclose whether Plaintiff

16   ever replied "STOP" in an effort to discontinue receiving the Texts.  If she did not, the

17   Complaint offers no explanation why she did not take this quick, easy, and essentially costless

18   step directed to the entities sending the Tests, rather than undertaking a more cumbersome

19   process of mailing physical letters to State Farm.

20   According to the Complaint, the Texts were sent by Ocean Reef or its subsidiaries, not

21   by State Farm.  (Dkt. 1-1 ¶¶ 40, 52-53, 75, 78-80.)  The Complaint does not allege any facts

22   indicating that State Farm instructed Ocean Reef or its subsidiaries to send the Texts, or

23   indicating that State Farm had any involvement in the sending of those Texts.

24   The Complaint alleges that, on October 4, 2025, Plaintiff sent letters to State Farm and

25   Defendant Progressive Corporation ("Progressive") advising each of them "that she had gotten

26   a bunch of unwanted text messages from a MapleCoverage.com trying to sell her auto insurance

27

STATE FARM'S MOTION TO DISMISS

for Progressive and State Farm, respectively." *Id.* ¶ 63.[1]  Plaintiff's Complaint, however, alleges no facts to suggest that Maple or Curb Sure were attempting to sell State Farm insurance. Instead, Plaintiff alleges that [t]rying to figure out who is behind the text message is obnoxious and costs the Plaintiff time." *Id.* ¶ 109.  The letters allegedly indicated that Plaintiff did not wish to receive any more such texts. *Id.* ¶ 64.  Plaintiff does not explain why she sent letters to Progressive and State Farm rather than Maple or Curb Sure.  Plaintiff alleges that she sent a second letter to State Farm and Progressive on October 24, 2025.  *Id.* ¶ 81.  According to the Complaint, that second letter advised, *inter alia*, that Plaintiff learned that Maple and Curb Sure are subsidiaries of Ocean Reef.  *Id.*

The Complaint includes various allegations concerning the state of mind of State Farm and the other Defendants, and concerning alleged communications among them.  *Id.* ¶¶ 66-70, 77-80, 82.  The Complaint does not allege any facts indicating that Plaintiff plausibly could have some good faith basis for making such allegations.  Rather, they appear to be Plaintiff's unsupported speculation.

Based on these allegations, the Complaint asserts causes of action for violation of the DNC provision of the TCPA (Count I); CEMA (Count II); the procedural requirements of 47 C.F.R. § 64.1200(d) (Counts III-V); the caller identification requirements of 47 C.F.R. § 64.1601(e) (Count VI); and the CPA (Count VII).  The Complaint also includes a claim for injunctive relief (Count VIII).

The Complaint also requests certification of six different classes. *Id.* ¶ 83.  The proposed classes that are based on alleged TCPA violations are nationwide and cover a four-year period. *Id.*

### III.    LEGAL STANDARDS

To satisfy the pleading requirements of the Rules of Civil Procedure, a complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is

---

[1] State Farm understands that a video exists showing the mailing of these letters, with the State Farm letter addressed to the Tax Department at State Farm in Bloomington, Illinois.

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

and the grounds upon which it rests and (2) plausibly suggest that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal quotations and citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2). As the Supreme Court has cautioned, "Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

## IV.    ARGUMENT

### A.    Plaintiff's TCPA Claims Should Be Dismissed Because She Fails To Adequately Allege That State Farm May Be Held Directly Or Vicariously Liable For The Texts.

"There are two potential theories of liability under the TCPA: (1) direct liability and (2) vicarious liability." *Hollis v. Exp Realty LLC*, No. C25-0822JLR, 2025 WL 2711424, at *2 (W.D. Wash. Sept. 23, 2025) (quoting *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-cv-00221-BTM-JLB, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024)).  Plaintiffs' TCPA claims (Counts I, III-VI, and VIII (seeking injunctive relief based upon alleged TCPA violation)) should be dismissed because she has failed to plead any viable claim for relief against State Farm under a theory of either direct or vicarious liability.[2]

"Generally, a seller is not directly liable for a call by a third-party telemarketer, such as an independent contractor, because the seller is not 'the person or entity that *initiates* a telemarketing call[.]'" *Hollis v. Exp Realty LLC*, No. C25-0822JLR, 2025 WL 2711424, at *2

---

[2] In the interest of brevity, State Farm incorporates the argument that the complaint runs afoul of the prohibition on "group pleading" set forth in Section IV.B of Defendant The Progressive Corporation's Motion to Dismiss Plaintiff's Complaint.  (*See* Dkt. 26 at pp. 9-10).

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1  (W.D. Wash. Sept. 23, 2025) (quoting *In the Matter of Joint Pet. Filed by Dish Network,* 28

2  F.C.C. Rcd. at 6576, 6582-83 (emphasis in original).).  "To allege a seller's direct liability, a

3  plaintiff must provide more than conclusory allegations that the seller initiated or 'physically

4  dialed' a call that violated the TCPA." *Hollis*, 2025 WL 2711424, at *2; *see also Rogers v.*

5  *Assurance IQ, LLC*, No. 2:21-CV-00823-TL, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27,

6  2023) ("A TCPA plaintiff must allege facts to support their belief that the defendant placed the

7  calls at issue, such as 'how the caller identified itself, the substance of the calls,' or other details

8  revealing that the defendant actually took steps to place the calls.").  No theory of direct liability

9  is available against State Farm because the Complaint alleges that the Texts were sent by Ocean

10  Reef or its subsidiaries, not by State Farm.  (Dkt. 1-1 ¶¶ 40, 52-53, 75, 78-80.)

11       The Complaint also fails to plead any viable theory of vicarious liability.  Under federal

12  common-law principles of agency, persons or entities that did not initiate the offending calls

13  may, in certain circumstances, be vicariously liable for TCPA violations.  *See Campbell-Ewald*

14  *Co. v. Gomez*, 577 U.S. 153, 168 (2016) (citing *In re Dish Network, LLC*, 28 FCC Rcd. 6574).

15  "[A] TCPA complaint for vicarious liability should include allegations supporting the existence

16  of an agency relationship." *Rogers*, 2023 WL 2646468, at *5.  "To establish an agency

17  relationship for TCPA purposes, 'the plaintiff must show that the principal controlled the

18  'manner and means' of the allegedly violating phone call.'" *Id.* at *6 (citation omitted); *see*

19  *also  Brown v. DirecTV, LLC,* 562 F. Supp. 3d 590, 607 (C.D. Cal. 2021) ("The mere existence

20  of an agency relationship alone is not sufficient to establish liability.").

21       The Complaint makes no mention of any vicarious liability theory of recovery against

22  State Farm.  Accordingly, no such theory can or should be considered.  *See McCurley v. Royal*

23  *Seas Cruises, Inc.*, No. 21-55099, 2022 WL 1012471, at *1 (9th Cir. Apr. 5, 2022) ("[T]he

24  plaintiffs did waive an actual authority theory of vicarious liability by failing to assert it either

25  in their pleadings or at summary judgment."); *Ackley v. Sec. Life Ins. Co. of Am.*, No. C13-432-

26  RSM, 2013 WL 12116155, at *5 (W.D. Wash. Sept. 9, 2013) ("These theories, however, were

27

STATE FARM'S MOTION TO DISMISS

not alleged in the SAC and may not be asserted, for the first time, in the response brief contesting Defendants' motion.").

In any event, the Complaint does not allege any facts that could support a finding of vicarious liability. The Complaint provides pictures of some of the Texts—none refer to State Farm. Nor does Plaintiff allege that State Farm was mentioned in any of the other Texts. Rather, the Texts refer to Curb Sure and Maple. Plaintiff cites the websites, www.curbsure.com and www.maplecoverage.com, but a review of those websites shows that at no point do either Curb Sure or Maple assert that they are agents of State Farm.[3] Indeed, counsel found *no references whatsoever* to State Farm on either of those websites.[4] Furthermore, Curb Sure describes itself as a "a new kind of auto insurance." www.welcome.curbsure.com/about At their websites, Maple and Curb Sure state that they do "not share information with third parties for marketing purposes." www.welcome.maplecoverage.terms; www.welcome.cursure.com/termsandconditions. Such statements substantially undercut the plausibility of any suggestion that Curb Sure or Maple are State Farm agents or were somehow acting at State Farm's direction when they sent the Texts. *See Twombly,* 550 U.S. at 555. In

---

[3] The information contained at the websites may be considered under the "incorporation by reference" doctrine, "which permits [a court] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also id.* ("The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material."). Because the Complaint includes allegations concerning the contents of these websites (Compl. ¶¶ 44-45, 50, 54-57, 60, 69, 75), and the authenticity of the information cannot reasonably be questioned, that doctrine applies here. In the alternative, State Farm respectfully requests that the Court take judicial notice of the information on those websites. *See Reyes v. Fircrest Sch.*, No. C11-0778JLR, 2012 WL 5878243, at *1 n.1 (W.D. Wash. Nov. 21, 2012) (taking judicial notice of information found on website); *Chaves v. Amazon.com Servs. LLC*, No. C21-1213-TL-BAT, 2022 WL 1908827, at *3 (W.D. Wash. May 23, 2022) ("[T]he Court takes judicial notice that it is easy to verify through the Roblox website how Robux are purchased and used.), *report and recommendation adopted,* 2023 WL 3301994 (May 8, 2023).

[4] According to the Complaint, Plaintiff's second letter to State Farm and Progressive included a vague assertion that their logos were present on websites operated by Ocean Reef's subsidiaries. (Dkt. 1-1 ¶ 81.) However, Plaintiff fails to allege with any specificity what web page allegedly displayed State Farm's logo, or on what date, and she fails to allege any facts indicating that State Farm authorized the use of its logo. In any event, the fact that a website may refer to various insurers, including State Farm, would not in itself be sufficient to hold State Farm vicariously liable for that entity's alleged TCPA violations.

STATE FARM'S MOTION TO DISMISS

1  addition, Plaintiff alleges that calls to Curb Sure and Maple were "answered by the same
2  automated system using the same voice and script," Dkt. 1-1 ¶ 56, and there is no allegation
3  that State Farm is mentioned in that script.

4        What, then, is the evidence indicating that State Farm may in some way be held
5  vicariously responsible for the Texts?  The Complaint does not say.  It offers only conclusions,
6  not facts.  Not a single *fact* is alleged indicating that the Texts were sent at State Farm's behest.
7  *See Rogers*, 2023 WL 2646468, at *5 ("Plaintiffs further allege that Assurance IQ instructed
8  Boomsourcing on who to call, provided the phone numbers to call, gave instructions to use pre-
9  recorded voice messages, and approve a pre-recorded script for those calls. . . . But these
10 conclusory statements—which are more akin to a recitation of the factors for establishing
11 vicarious liability—do not provide 'any facts showing how [Assurance IQ] did those things or
12 how it knew those things, or what facts the allegations are based on...." (citation omitted)).

13       Furthermore, the Court should give no credence to the Complaint's speculative
14 allegations concerning State Farm's supposed state of mind, and its purported communications
15 with Curb Sure and Maple.  *See, e.g.,* Dkt. 1-1 ¶¶ 66-70, 72-73, 76-80, 82.  Such allegations are
16 entitled to no weight because Plaintiff does not allege any facts suggesting that it is plausible
17 that they are based upon Plaintiff's actual knowledge, rather than naked assumptions.  *See*
18 *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 604 (E.D. Mich. 2015) (refusing to give weight
19 to allegation resting upon "naked assumption"); *see also* Fed. R. Civ. P. 11(b)(3) (requiring that
20 "factual contentions have evidentiary support").

21       Finally, the Complaint does not allege that State Farm in some way ratified any alleged
22 conduct that was contrary to the TCPA.  Accordingly, Plaintiff has failed to allege any plausible
23 theory of vicarious liability, and her TCPA claims should be dismissed with prejudice.

24 **B.**     **Count I Should Be Dismissed Because the DNC Provision Of The TCPA Provides
A Private Right of Action Only For Unlawful Telephone Calls, Not For Text
25 Messages.**

26       Count I should be dismissed for the additional reason that Plaintiff's claim is barred by
27 the plain language of TCPA.  The Ninth Circuit has instructed that a court "may override the

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    plain meaning of a statute only when 'it is quite impossible that Congress could have intended

2    the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone.'"

3    *Nevada Resort Ass'n-Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators*

4    *of the US & Canada Loc. 720 Pension Tr. v. JB Viva Vegas, LP*, 163 F.4th 1240, 1247 (9th Cir.

5    2026); *see also Loper Bright v. Raimondo*, 144 S. Ct. 2244, 2265 (2024) (the Supreme Court

6    concluded that "*Chevron* defies the command of the APA [Administrative Procedure Act] that

7    'the reviewing court'—not the agency whose action it reviews—is to 'decide *all* relevant

8    questions of law' and 'interpret ... statutory provisions.' § 706 (emphasis added).")  The section

9    of the TCPA that provides a private right of action for DNC violations states: "A person who

10   has received more than one *telephone call* within any 12-month period by or on behalf of the

11   same entity in violation of the regulations prescribed under this subsection . . . ."  47 U.S.C.

12   227(c)(5) (emphasis added).  Adhering to that plain language, a number of courts have properly

13   concluded that the TCPA does not afford a private right of action for text messages that are

14   alleged to violate the DNC provisions.  *See Sayed v. Naturopathica Holistic Health, Inc.*, 8:25-

15   CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) ("Although some

16   judges differ, I agree with and adopt Judge Winser's opinion that 'the statutory text here is

17   clear, and a text message is not a 'telephone call.'' . . . . In addition to the fact that in common

18   American English usage, a 'telephone call' and a 'text message' are separate and distinct forms

19   of communication, the term 'text message' appears elsewhere in the TCPA and related

20   amendments, an appearance that confirms Congress understood the pertinent distinction and

21   legislated mindful of the distinction." (citation omitted)); *Davis v. CVS Pharmacy, Inc.*, 797 F.

22   Supp. 3d 1270, 1275–76 (N.D. Fla. 2025) ("To succeed on his § 227(c)(5), Davis had to allege

23   that he received at least two 'telephone calls.' He alleged receiving only text messages. And

24   because text messages are not telephone calls, he has not stated a claim.'); *Jones v. Blackstone*

25   *Med. Servs., LLC*, 792 F. Supp. 3d 894, 899 (C.D. Ill. 2025) ("Pursuant to *McLaughlin* and

26   *Loper Bright*, the Court agrees with the Defendant that based on a plain reading of the TCPA

27   and its implementing regulations, Section 227(c)(5) does not apply to text messages.").

STATE FARM'S MOTION TO DISMISS

State Farm acknowledges that in another matter this Court rejected the argument that Section 227(c)(5) does not apply to text messages. *See Barton v. Delfgauw*, No. 3:21-CV-05610-DGE, 2025 WL 2402131, at *3 n. 1(W.D. Wash. Aug. 18, 2025), *on reconsideration in part*, 2025 WL 3003976 (Oct. 27, 2025). However, neither the Supreme Court nor the Ninth Circuit have addressed the specific issue of whether Section 227(c)(5) affords a private right of action in relation to text messages alleged to violate the DNC provisions. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (holding that restrictions on use of automatic telephone dialing system applied to text messages); *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026) (holding that provision restricting use of artificial or prerecorded voice applied to text messages). In the interest of preserving the issue, State Farm respectfully requests that the Court follow the persuasive reasoning of the rulings cited above and dismiss Count I with prejudice for failure to state a claim upon which relief may be granted.

## C.    Plaintiff's Claims Based Upon Alleged Violations Of Section 64.1200(d) (Counts III-V) Should Be Dismissed.

Counts III through V allege various violations of the technical and procedural requirements of 47 CFR § 64.1200(d). In addition to the fact that the Complaint does not allege any basis for holding State Farm directly or vicariously liable for the Texts, *supra*, these claims should be dismissed because there is no private right of action available for violations of Section 64.1200(d).

A number of courts have concluded that the procedural requirements set forth in 47 CFR § 64.1200(d) were promulgated pursuant to Section 227(d) of the TCPA, and that Section 227(d) does not provide a private right of action for alleged violations of such requirements. *See, e.g.*, *Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383-F, 2019 WL 3208651, at *15 (W.D. Okla. July 16, 2019) ("There is no private right of action for alleged violations of § 64.1200(d) . . . ."), *amended on denial of reconsideration,* 2019 WL 5722207 (Nov. 5, 2019); *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016) ("[Section] 64.1200(d)(4) is more appropriately viewed as setting procedural standards

STATE FARM'S MOTION TO DISMISS

and, therefore, within the realm of the TCPA's subsection d, for which no private right of action exists."), *aff'd*, 678 F. App'x 165 (4th Cir. 2017); *Burdge v. Ass'n Health Care Mgmt., Inc.*, No. 1:10-CV-00100, 2011 WL 379159, at \*4 (S.D. Ohio Feb. 2, 2011) ("The Court finds that the regulations regarding identification and the provision of a telephone number or address found in 64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA. . . . [T]hat section of the TCPA does not contain a private right of action . . . ."); *but see Walker-Schaut v. Lido Labs Holding Co.*, No. C23-5944 BHS, 2024 WL 2702007, at \*5 (W.D. Wash. May 24, 2024) (rejecting argument that 47 C.F.R. § 64.1200(d) was promulgated under § 227(d), and therefore did not include a private right of action); *Dawson v. Porch.com*, No. 2:20-CV-00604-RSL, 2024 WL 4765159, at \*7 (W.D. Wash. Nov. 13, 2024) (same). The Ninth Circuit has not addressed this issue.

The decisions concluding there is no private right of action available properly recognize that the requirements set forth in Section 64.1200(d) are technical and procedural in nature and, thus, fall squarely within Section 227(d), which undisputedly does not include a private right of action. Such decisions also are in accordance with the principle that courts should be reluctant to find a statutory private right of action in the absence of clear Congressional intent to create one. *See, e.g.*, *Alexander v. Sandoval*, 121 S. Ct. 1511, 1520 (2001) ("Without [evidence of Congress's intent to create a private right of action], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.").

Accordingly, Counts III through V should be dismissed with prejudice.

**D.    Plaintiff's Claim Based Upon An Alleged Violation of Section 64.1601(e) (Count VI) Should Be Dismissed.**

Count VI seeks to recover for a claimed violation of 47 C.F.R. § 64.1601(e) based upon allegations that the Texts did not display proper caller ID information. (Dkt. 1-1 ¶¶ 153-62.) In addition to the reasons set forth in Section A, *supra*, this claim should be dismissed because, like Section 64.1200(d), *supra*, Section 64.1601(e) was promulgated under 47 U.S.C. § 227(d),

STATE FARM'S MOTION TO DISMISS

which does not include a private right of action.  *See Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016) ("[A]n asserted violation of 47 C.F.R. § 64.1601(e)(1) is not properly brought under either the TCPA's subsection b or subsection c. Any violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection d, and as earlier noted, no private right of action exists under the latter subsection of the TCPA."), *aff'd*, 678 F. App'x 165 (4th Cir. 2017); *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021) ("The Court agrees with Judge Ivy's analysis that the persuasive authority holds that there is no private right of action for violations of § 64.1601(e), and therefore adopts the recommendation to dismiss Count II of Plaintiff's amended complaint failure to state a claim."); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020) ("Absent any authoritative basis for a private cause of action for 'spoofing' under this federal communications regulation, the Court is disinclined to create one here."); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *7 (E.D. Mich. July 27, 2020) (same). Moreover, although some district courts have concluded otherwise, "[t]he majority of courts have held that § 64.1601(e) was promulgated under 47 U.S.C. § 227(d), which does not include a private right of action." *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025).

State Farm acknowledges that this Court previously concluded that a private right of action is available under Section 64.1601(e).  *See Barton v. Bright Solar Mktg. LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136, at *6 (W.D. Wash. Oct. 9, 2025); *see also Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598, at *7 (W.D. Wash. Jan. 22, 2026) (same).  However, in the interest of preserving the issue, State Farm respectfully submits that the cases concluding there is no private right of action available are more persuasive because they are consistent with the relevant statutory structure and with controlling Supreme Court precedent.  *See Alexander*, 121 S. Ct. at 1520.  Accordingly, Count VI should be dismissed with prejudice.

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

**E.    Plaintiff's State-Law CEMA (Count II) and CPA Claims (Count VII) Should Be Dismissed.**

    **1.    Plaintiff has not stated a claim against State Farm under CEMA.**

CEMA creates a private cause of action in limited circumstances not applicable here. Plaintiff's CEMA claim invokes RCW 19,190.040, (Dkt. 1-1 ¶ 125,) but the Washington Supreme Court has held that "RCW 19.190.040 does not provide an independent cause of action." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 723, 406 P.3d 1149, 1151 (2017).  Instead, after examining the history of amendments to CEMA and the text of RCW 19.190.080 and -.090 (subsections not at issue here), the *Wright* Court concluded that "CEMA creates a private cause of action with damages limited to phishing violations." *Id.; see also Hodgell v. Andersen Corp.*, No. 2:23-CV-00649-LK, 2023 WL 4558834, at *2 (W.D. Wash. July 17, 2023) ("[T]he Washington Supreme Court has held that CEMA provides a direct cause of action for damages only for phishing violations under Section 19.190.090, and that a recipient of unsolicited messages in violation of CEMA must otherwise pursue damages under the CPA.").

Plaintiff alleges no phishing violations—*i.e.*, soliciting "personally identifying information" such as a social security number, RCW 19.190.010(12), by a message "representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person," RCW 19.190.080—by *any* defendant, much less State Farm.[5]  Instead, Plaintiff appears to allege only that she received  commercial electronic text messages in violation of RCW 19.190.060 (*see* Dkt. 1-1 ¶¶ 121-22), which cannot support a claim under CEMA.  Count II should therefore be dismissed with prejudice.

    **2.    Plaintiff Has Not Stated A Claim Against State Farm Under The CPA.**

To prevail on a CPA claim under RCW 19.86.090, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) which affects the public interest, (4) an injury to plaintiff's business or property, and (5) a causal link between

---

[5] Because RCW 19.190.090(1) authorizes only "an action against a person or entity that ***directly*** violates RCW 19.190.080," (emphasis added) even an alleged phishing violation by one of the other defendants could not support a claim against State Farm.

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

the unfair or deceptive act or practice and the injury.  *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531, 535 (1986).

Plaintiff's CPA claim falls at the first hurdle, as she does not allege that State Farm committed any "unfair or deceptive act or practice."  Plaintiff does not allege that any of State Farm's actions meet the judicially-established standards for an "unfair" or "deceptive" act or practice.[6]  Instead, Plaintiff appears to allege that "commercial electronic text messages" from Maple Coverage and Curb Sure violated RCW 19.190.060(1), and that subsection (2) makes this a *per se* "unfair or deceptive act in trade or commerce … for the purpose of applying the consumer protection act."  In short, Plaintiff's CPA claim rests exclusively upon the allegation that State Farm violated CEMA.  (Dkt. 1-1 ¶¶ 163-68.)

But Plaintiff has not plausibly alleged any facts supporting a CEMA violation by State Farm.  The CEMA provision upon which Plaintiff relies is applicable only to persons who "***initiate*** or ***assist in the transmission*** of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service…." RCW 19.190.060(1) (emphasis added); *see also Jensen v. Cap. One Fin. Corp.*, No. C24-0727-KKE, 2025 WL 606194, at *5 (W.D. Wash. Feb. 25, 2025) (statute "imposes liability for persons conducting business in Washington who 'initiate' or 'assist' in transmitting a commercial text message to a telephone number assigned to a Washington resident's cell phone.").  Plaintiff expressly alleges that ***others***, not State Farm, initiated the Texts.  (Dkt. 1-1 ¶¶ 40, 52-53, 75, 78-80.)

The Complaint is also devoid of facts plausibly alleging that State Farm "assist[ed] in the transmission," which CEMA defines as:

---

[6] *See Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 455, 553 P.3d 626, 639 (2024) (discussing legal requirements for "unfair" act or practice under CPA); *State v. CLA Estate Servs., Inc.*, 23 Wn. App. 2d 279, 291, 515 P.3d 1012, 1022 (2022) (discussing standard for "deceptive" act or practice under CPA).  However, even if Plaintiff had done so, her CPA claim would still fail because she was not alleged facts supporting the public interest, injury, and causation elements resulting from any such act or practice.  Instead, Plaintiff relies solely on the declaration of public interest and liquidated damages provisions of CEMA (Dkt. 1-1 ¶¶ 123-25, 163-165), which cannot support a non-*per se* CPA claim.

STATE FARM'S MOTION TO DISMISS

1  actions taken by a person to provide substantial assistance or support which enables

2  any person to formulate, compose, send, originate, initiate, or transmit a

3  commercial electronic mail message or a commercial electronic text message when

   the person providing the assistance knows or consciously avoids knowing that the

   initiator of the commercial electronic mail message or the commercial electronic

4  text message is engaged, or intends to engage, in any practice that violates the

   consumer protection act.

5  RCW 19.190.010(1). For the same reasons discussed in Section A, *supra*, the Complaint does

6  not, and cannot, plausibly allege that State Farm assisted in "formulat[ing], compos[ing],

7  send[ing], originat[ing], initiated[ing], or transmit[ing]" the Texts—much less with the requisite

8  knowledge or willful blindness, particularly where none of the Texts are even alleged to

9  mention State Farm.

10      Instead of "assisting" with those companies' transmission of the Texts, Plaintiff alleges

11  that State Farm forwarded her do-not-contact letter to Ocean Reef, that Ocean Reef received

12  the letter, and that "[d]espite this" Ocean Reef or its subsidiaries "ignored Plaintiff's do-not-

13  call request" and used another Subsidiary to send Texts. (Dkt. 1-1 ¶¶ 66, 70-71, 80.) Thus,

14  Plaintiff alleges that State Farm failed to stop Ocean Reef from using an assortment of

15  subsidiaries to get around it using a "shell game." (*Id.* ¶ 77.) Importantly, Plaintiff alleges no

16  facts indicating any relationship between State Farm and Ocean Reef.

17      State Farm's alleged *inaction* cannot meet the plain statutory language, which requires

18  "actions taken." Moreover, an alleged failure to stop the Texts falls short of actions that

19  "provide substantial assistance or support which enables" others to send them. RCW

20  19.190.010(1). Even if State Farm had provided "some form of assistance," which it did not,

21  the facts alleged do not constitute "substantial assistance" as required by CEMA. *See Frank v.*

22  *Cannabis & Glass, LLC,* No. 2:19-cv-00250, 2019 WL 4855378, at *2-3 (E.D. Wash. Oct. 1,

23  2019). Cases finding "substantial assistance" contained factual allegations of intricate and

24  multi-step involvement with the generation of texts,[7] and there is no basis in the statutory

---

[7] *See Dawson*, 2024 WL 4765159, at *11 ("To the extent Ehrlichman built, authorized, directed,
and participated in GoSmith's text message campaign, his conduct would qualify as assisting
in the transmission for purposes of CEMA."); *Bottoms v. Block, Inc.*, 23-1969 MJP, 2024 WL
1931690, at *2 (W.D. Wash. May 2, 2024) (assistance provided by "(1) paying Cash App users
to participate in its referral program; (2) creating the 'Invite Friends' feature in the Cash App

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1   language or case law to expand that term to impose CPA liability on State Farm here—

2   particularly where Plaintiff does not allege that she ever availed herself of the "reply 'STOP'"

3   option to communicate directly with Maple Coverage or Curb Sure.

4       Accordingly, Count VII should be dismissed with prejudice.

5   **F.    Plaintiff's Claim For Injunctive Relief (Count VIII) Should Be Dismissed.**

6       Plaintiff has not stated a valid claim for injunctive relief against State Farm because, as

7   demonstrated above, she has failed to allege any facts indicating that State Farm may be held

8   liable for the Texts.

9       Plaintiff's claim for injunctive relief fails for the additional reason that she has not

10  alleged an immediate risk of harm.  "Once a plaintiff has been wronged, he is entitled to

11  injunctive relief only if he can show that he faces a 'real or immediate threat ... that he will

12  again be wronged in a similar way.'"  *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir.

13  2010) (citation omitted).  "[S]peculation or 'subjective apprehension' about future harm" will

14  not suffice.  *Id.*  In actions alleging TCPA violations, injunctive relief is not available where the

15  plaintiff cannot demonstrate an ongoing threat that they will receive unlawful calls/texts from

16  the defendant.  *See, e.g., Barton*, 2025 WL 2880136, at *5 ("Given the time that has elapsed

17  since the last call, the possibility that Plaintiff may receive additional phone calls in the future

18  is too speculative to establish a real or immediate threat of injury."); *Dawson*, 2024 WL

19  4765159, at *9 ("The allegations do not give rise to a plausible inference that the CEMA

20  violations are on-going or that injunctive relief might be appropriate.").  The Complaint does

21  allege any facts indicating an immediate threat of ongoing harm.  To the contrary, Plaintiff

22

23  mobile app, which allows users to easily send 'refer-a-friend' texts by clicking on the 'Invite
    Friends' button; (3) prompting users to select individuals from their contacts to send referral

24  texts to; (4) composing the texts for the Cash App users; and (5) automatically opening the
    users' text messaging application containing the pre-composed and pre-addressed text

25  message."); *Moore v. Robinhood Fin. LLC*, 2:21-CV-01571-BJR, 2022 WL 3082969, at *4
    (W.D. Wash. Aug. 3, 2022) (substantial assistance and support alleged where "the Robinhood

26  App prompts users to refer contacts with the promise of free stocks, pre-composes the messages,
    and then automatically generates them within the users' cell phone in such a way that enables

27  them to be sent by the users with as few as four total clicks").

STATE FARM'S MOTION TO DISMISS

1 alleges that State Farm and Progressive instructed Ocean Reef "to stop telephone soliciting the

2 Plaintiff altogether" (Dkt. 1-1 ¶ 82), and the last alleged Text was sent nearly two months before

3 Plaintiff served the Complaint on the Insurance Commissioner.

4    Finally, the claim for injunctive relief fails for the additional reason that Plaintiff has

5 not alleged that she "has suffered a wrong which cannot be adequately compensated by

6 remedies available at law, such as monetary damages." *Can-Am Fuel Distribution LLC v.*

7 *Sinclair Oil LLC*, No. 3:24-CV-05743-DGE, 2025 WL 1371510, at *8 (W.D. Wash. May 12,

8 2025).  To the contrary, Plaintiff makes multiple claims for money damages.

9    Accordingly, Count VIII should be dismissed with prejudice.

10        **V. CONCLUSION**

11    WHEREFORE, State Farm respectfully requests that Plaintiff's claims against State

12 Farm be dismissed with prejudice and that the Court grant such further relief as is appropriate

13 and just.

14    DATED this 18th day of February, 2026, in Seattle, WA.

16        JENSEN MORSE BAKER PLLC

18     By *s/ Benajamin J. Roesch*
        Steven D. Jensen, WSBA No. 26495

19       Steve.jensen@jmblawyers.com
       Benjamin J. Roesch, WSBA No. 39960

20       Benjamin.Roesch@jmblawyers.com

21       520 Pike Street; Suite 2375
       Seattle, WA  98101

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

RILEY SAFER HOLMES & CANCILA LLP

James P. Gaughan (admitted *pro hac vice*)
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: 312.471.8700
Facsimile: 312.471.8701
jgaughan@rshc-law.com

Attorneys for Defendant State Farm Mutual
Automobile Insurance Company

*I certify that this memorandum contains
6,002 words, in compliance with the Local
Civil Rules*

STATE FARM'S MOTION TO DISMISS

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under

4

the laws of the United States of America and the State of Washington, that on the 18th day of

5

February, 2026, the document attached hereto was delivered to the below counsel in the manner

6

indicated.

7

*Counsel for Plaintiff*

8

Peter Schneider, WSBA No. 43131
Northwest Debt Resolution, LLC

9

10900 4th Street, Suite 2300
Bellevue, WA 98004-5882

10

(206) 800-6000

11

peter@nwdebtresolution.com
nathen@nwdebtresolution.com

12

13

*Counsel for Defendant The Progressive Corporation*

14

Logan F. Peppin, WSBA No. 55704

15

Baker & Hostetler LLP
999 Third Avenue, Suite 3900

16

Seattle, WA 98104

17

lpeppin@bakerlaw.com
cphillips@bakerlaw.com

18

19

*Counsel for Defendant The Progressive Corporation*

20

Rand L. McClellan*, pro hac vice*

21

Christopher K. Riedel*, pro hac vice*
Graycen M. Wood*, pro hac vice*

22

Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200

23

Columbus, OH 43215

24

rmcclellan@bakerlaw.com
criedel@bakerlaw.com

25

gwood@bakerlaw.com

26

27

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

CERTIFICATE OF SERVICE - 18

1

2

*Counsel for Defendant The Progressive Corporation*

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

3

Scott Holbrook
Baker & Hostetler LLP
Key Tower 127 Public Square, Suite 2000
Cleveland, OH
sholbrook@bakerlaw.com

4

5

6

7

*Pro Hac Vice Pending*

*Counsel for Defendants Maple Coverage, LLC and Curbside LLC*

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

8

9

Marisa L. Berlinger, WSBA No. 58991
Morgan, Lewis & Brockius LLP
1302 Second Avenue, Suite 3000
Seattle, WA 98101
marisa.berlinger@morganlewis.com
gregory.atwood@morganlewis.com
janet.karson@morganlewis.com

10

11

12

13

14

   DATED this 18th day of February, 2026, in Seattle, WA.

15

16

By s/Benjamin J. Roesch
   Benjamin J. Roesch

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE - 19

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550